## FLEMING v. THE TOWN OF SHENANDOAH.

1. **Practice**: ALLOWING REPORTER TO READ NOTES OF EVIDENCE TO JURY. In this case, after the jury had retired for deliberation, the short-hand reporter, under order of the court, but in the absence of the court and counsel, and without the knowledge of appellant or its counsel, went into the jury room and read from his notes such portions of the evidence as the jury called for. *Held* that the proceeding was without warrant, and that on account of the irregularity a new trial should have been granted on defendant's motion.

2. **Husband and Wife**: INJURY TO WIFE ON DEFECTIVE SIDEWALK: RECOVERY FOR LOSS OF TIME: RULE STATED AND APPLIED. It would *seem* that a married woman cannot recover for loss of time occasioned by an injury, if her occupation is only that of a housewife in her husband's family. See *Lyle v. Gray*, 47 Iowa, 153. But where she has a separate and independent employment, which she habitually follows, and for which she receives compensation from her employers, she may recover for loss of time. In this case, where plaintiff was habitually engaged in washing clothes for others for a regular compensation, *held* that she was entitled to prove the value of the time she had lost by the injury complained of.

3. **Evidence**: ERROR WITHOUT PREJUDICE. The allowance of an improper question, though objected to, is no ground for reversal, when the answer given does not prejudice the appellant.

4. **Personal Injury**: EVIDENCE: VISITS OF PHYSICIAN. In a suit based upon personal injury, the number of times plaintiff's physician called on her to treat the injury was material as bearing on the question of the severity of the injury.

*Appeal from Page District Court.*

FRIDAY, DECEMBER 11.

THE plaintiff brought this action to recover damages for a personal injury, which she alleged she received by falling upon a defective sidewalk in the town of Shenandoah. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*James McCabe*, for appellant.

*Stockton & Keenan*, for appellee.

Fleming v. The Town of Shenandoah.

ROTHROCK, J.—I.  One of the grounds of the motion for a new trial was that William E. Butler, the official short-hand reporter of the court, was permitted to go into the jury room and, in the absence of court and counsel, and without the knowledge of the defendant or counsel, read from his notes taken at the trial such portions of the testimony as the jury called for. It is stated in the abstract that the following was appended to the motion for a new trial:  "JOHN W. HARVEY, judge of said court, sworn, stated that, after the jury had been out some time, he received a communication from the foreman requesting that the short-hand reporter be sent in to read certain testimony, not stating what testimony they desired to hear.  The judge sent the reporter into the room, without consulting either of the attorneys, to read the testimony that the jury desired.  Don't remember that either counsel were present at the time.  The reading by the reporter was not in presence of the court, but in the jury room, if there was any reading, and it is presumed there was.  Wm. E. Butler, official reporter, in pursuance with Judge HARVEY's direction: I read to the jury in the jury room Wm. McMahon's testimony, both direct, cross-examination, redirect examination, and a portion of R. W. Morse's testimony."

*1. PRACTICE: allowing reporter to read notes of evidence to jury.*

Counsel for appellant insists that the motion for a new trial should have been sustained because of this irregularity in the course of the trial.  We think the position is well taken.  It is provided in section 2791 of the Code that when the jury retire for deliberation upon the case they shall be kept together under the charge of an officer until they agree, or are discharged by the court, and that the officer having the jury under his charge shall not suffer any communication to be made to them, or make any himself, except to ask them if they have agreed upon a verdict, unless by order of the court. Section 2797 is as follows:  Upon retiring for deliberation the jury may take with them all books of account, and all papers which have been received as evidence in the cause,

except depositions, which shall not be so taken unless all the testimony is in writing, and none of the same has been ordered to be struck out." The evident purpose in excluding the depositions is that they shall not be given more consideration by the jury than the oral testimony in the case. Reading to the jury a part of the testimony from the shorthand notes would have precisely the same effect. It cannot be claimed that there is any authority of law or practice, written or unwritten, which can justify an order to the shorthand reporter to go into the jury room and read testimony to the jury, unless by the consent of the parties. It never has been regarded as within the province of even the trial judge to have any communication with the jury upon the law or the facts of the case after they have retired for deliberation, unless by the consent of the parties, or unless they request further instructions, in which case they should be brought into court for that purpose.

II. The plaintiff in her petition claims damages for loss of time and expense of medical attendance caused by the injury of which she complains. The answer was a general denial. The plaintiff was a witness in her own behalf, and upon her cross-examination it was made to appear that she was a married woman, living with her husband at the time she received the injury and up to the time of the trial. It was shown by her testimony that she followed washing clothes for a livelihood, and that she received one dollar a day for her services; that she conducted her own business, and had regular places where she pursued her employment; and that when she was through work at a place the money was paid to her, and she used it in support of her family. The defendant's counsel moved to exclude all of the testimony as to the business in which the plaintiff was engaged, and the motion was overruled. It is insisted by counsel for appellee that the ruling was correct, because the defendant made no issue in its answer upon the question as to the right of the

*2. HUSBAND and wife: injury to wife on defective sidewalk: recovery for loss of time: rule stated and applied.*

plaintiff to recover for lost time. We need not determine that question. We think that, under the evidence, the plaintiff was entitled to claim reimbursement for the time which she was prevented from following her usual avocation. It appears that she had a business or occupation independent of her husband, and that she pursued it as a means of earning a livelihood for herself and family. Under section 2211 of the Code she had the right to receive the wages of her personal labor, and maintain an action therefor. She cannot recover for loss of time occasioned by an injury if her occupation is that of mere housewife in the family of a husband. *Lyle v. Gray*, 47 Iowa, 153. But when she has a separate and independent employment, which she habitually follows, and for which she receives compensation from her employers, she may recover; and it makes no difference how humble or how exalted the employment may be. The test of her right to damage for loss of time is whether she was in the employment of persons other than her husband on her own account, or carrying on some business in her own behalf. *Mewhirter v. Hatten*, 42 Iowa, 288; *Tuttle v. Chicago, R. I. & P. R'y Co.*, Id., 518.

III. It is claimed that the court erred in permitting the plaintiff to testify as to the expense of the medical treatment 3. EVIDENCE: made necessary by the injury. The ready answer error without prejudice. to this is that the witness stated, in answer to the question objected to, that she did not know, as she had not settled with her physician. She was also permitted to state, 4. PERSONAL over the defendant's objection, that her physi- injury; evi- dence: visits cian visited her seven times for the purpose of of physician. giving attention to her injuries. This evidence was competent as bearing upon the question as to the severity of the injury, if for no other reason.

IV. A great many other errors are assigned and argued. We have given them such consideration as they seem to demand. None of them are well taken, and it would be a useless waste of time to discuss them at length. The case

was in the main fairly tried, and but for the error in permitting the short-hand reporter to enter the jury room and read from his notes to the jury, we would promptly affirm the judgment. For that error it must be

REVERSED.