L. B. NIEMEYER, Appellee, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

Personal injury: DAMAGES: AMOUNT OF VERDICT. In a suit by the husband for personal injury to himself, medical care and nursing of himself and wife and loss of the society and services of his wife, the result of her injury by the same accident, in which it appeared that he had expended $400 for medical care and nursing, that plaintiff suffered injury about the neck resulting in a persistent swelling and much headache, that his wife was under a physician's care for many months and suffered greatly from the nervous shock, a verdict for $1,000 was not excessive.

Examination of witnesses: DISCRETION OF COURT. The court is clothed with some discretion as to the form of questions in the examination of witnesses, and as to the scope of cross-examination; and where the plaintiff in a personal injury action was asked on cross-examination whether his wife had sued defendant in her own right for injuries received in the same accident, it was within the discretion of the court to permit or refuse the question.

*Appeal from Scott District Court.*—HON. J. W. BOLLINGER, Judge.

SATURDAY, JUNE 5, 1909.

ACTION for damages for personal injuries. Verdict for plaintiff. Defendant appeals.—*Affirmed.*

*Lane & Waterman,* for appellant.

*Ely & Bush,* for appellee.

EVANS, C. J.—Plaintiff and his wife were passengers upon one of defendant's trains. This train collided with another, and a serious wreck resulted, and plaintiff claims that both himself and his wife were seriously injured therein. He brought his action in two counts. In the first count he claimed damages for personal injuries sustained by himself. In the second count he claimed damages for the personal injuries of his wife; the elements of such damages being the expense of medical care and nursing, and loss of society and services. When plaintiff rested his case, the defendant also rested without offering any evidence. The case was therefore submitted on the testimony offered on behalf of plaintiff.

No objection is urged here to any of the instructions of the court. Defendant's principal complaint is that the verdict is not sustained by the evidence. This claim can

1. PERSONAL IN-JURY: damages: amount of verdict. not be sustained. The verdict was for $1,000. It appeared from the testimony on behalf of plaintiff that his expense for medical care and nursing for himself and wife was more than $400. The evidence of the plaintiff and his physician shows that he suffered some injury in the neck, which resulted in a persistent swelling, and which caused much headache. It also shows that plaintiff's wife was under the care of a physician for many months, and suffered greatly from nervous shock, although she had no broken bones nor external wounds. The extent of these injuries was for the jury to determine under the evidence. The verdict was conservative in amount, and is not open to criticism on the record.

The defendant objected to certain questions propounded to the plaintiff as a witness. The first one had

reference to the nature of plaintiff's own injury, and the

**2. EXAMINATION OF WITNESSES: discretion of court.**

other bore upon the amount of damages sustained by him by reason of the loss of society and services of his wife. These objections all went to the form of the question, and we think the ruling of the court was within its fair discretion in each case. On cross-examination the plaintiff was asked if his wife had sued the defendant for $10,000 in her own right. We think it was within the limits of discretion of the lower court to permit or refuse such question. Cross-examination had been directed to an attempt to discredit the plaintiff, and the court had permitted wide latitude for that purpose. It was proper that it should draw in the rein somewhere.

We think there was no error in the ruling. The judgment below must be *affirmed*.