JOSEPHINE NIEMEYER, Appellee, v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

Personal injury: LOSS OF WIFE'S EARNING CAPACITY: ACTION BY WIFE.
1  A married woman who has an employment independent of her husband, from which she earns and receives compensation, may maintain an action in her own right for injuries disabling her from pursuing her employment.

Same. One who at the time of her marriage was employed as a
2  music teacher, intending after a brief absence on her wedding tour to resume the employment, is not precluded by the fact of marriage and such temporary absence from maintaining an action for the impairment of her earning capacity, the result of an injury received during her absence.

*Appeal from Scott District Court.*—HON. J. W. BOLLINGER, Judge.

SATURDAY, JUNE 5, 1909.
VOL. 143 IA.—9.

ACTION to recover damages for personal injury. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Lane & Waterman,* for appellant.

*Ely & Bush,* for appellee.

WEAVER, J.—The plaintiff, a married woman, while a passenger on one of defendant's trains was injured in a collision and brought this action at law to recover damages. There was a verdict and judgment in her favor for the sum of $2,300. As the appellant does not contest the question of its liability to make compensation to plaintiff for the pain and suffering caused by the injury, and assigns error only upon the ruling of the trial court allowing her to recover for loss or impairment of earning capacity, we shall consume no time in referring to the circumstances of the accident or discussing questions of negligence or contributory negligence.

The evidence tended to show that the plaintiff was a resident of Jamestown, N. D. She had been recently married, and, after a wedding trip to the South, was returning with her husband to their home at Jamestown, when the accident occurred. Prior to her marriage she taught music, and at that date had a class of about thirty pupils, from each of whom she received $1 per lesson. Before leaving upon her wedding trip, she promised her pupils to resume charge of their music lessons on her return, and it was her intention, approved or agreed to by her husband, to continue in said business; but she had in fact given no lessons and earned no independent income between the date of her marriage and her injury. On this showing the appellant asked the court to instruct the jury that, plaintiff having failed to prove that she had been engaged in any independent business since her marriage, she could not recover in her own right for loss

of earnings or earning capacity, and that her recovery, if any, must be confined to compensation for pain and suffering caused by the injury received by her in the collision.    This request was refused, and the court charged the jury that if appellee had, prior to her marriage and wedding journey, engaged in music teaching as an independent calling on her own account and her marriage and trip were in fact only a temporary interruption of her said business, and she was intending to resume the work of her said calling on returning to her home, but was prevented from so doing by her injury in the collision upon appellant's road, then she would be entitled to compensation not only for pain and suffering, but also for loss, if any, of earnings and for impairment of earning capacity.    The same question was raised upon the trial by objections to testimony offered.    The record as to these objections and rulings is confused, but we think the facts as we have stated them are fairly shown, or at least that the testimony left in the case by the rulings of the trial court was sufficient to support such findings.

It is to be admitted that our statute, which apparently provides for the removal of common-law disabilities of coverture so far as they hamper or restrict the rights of married women to transact business and to sue and be sued in their own right, has been so construed by the courts as to leave the time, labor, earnings and earning capacity of the wife among the assets of the husband—and we may add, not infrequently the most valuable of his possessions.    It is held, however, that, if she has a separate and independent employment in which she earns and receives compensation from her customers and employers, she is sufficiently mistress of her own time and of her own person to maintain in her own right an action for damages on account of injuries disabling her from pur-

1. PERSONAL INJURY: loss of wife's earning capacity: action by wife.

suing such employment. *Fleming v. Shenandoah,* 67 Iowa, 505.

Counsel for appellant do not deny the rule thus stated, but ask us to hold that appellee, not having performed any service as a music teacher during the few days or weeks intervening between her marriage and her injury, can not be said to have had, as a married woman, any independent employment. In support of this proposition it is said that marriage works a radical change in the legal status of a woman, that she is presumed to have entered the household of her husband as his helpmeet, that, to justify the finding of any independent right on her part to her own time and earning capacity after such event, there must be something more than an intention or mental purpose on her part to resume and continue the work on her own account, and that she must actually have resumed the independent employment after marriage before she can maintain an action of this nature. In the cases to which we are cited we find nothing to uphold the doctrine we are here asked to approve. The most they can be said to establish is that service performed by a married woman as a housewife and in the care and nurture of her family constitutes no cause of action by her against her husband, and, so long as her activities are confined to such employment, the husband alone can maintain an action for the loss of her time and earning capacity when she has been negligently or wrongfully injured; but marriage works no surrender of her legal capacity to carry on other business or to serve another employer than her husband, and if, while single, she has fitted herself to be a teacher, a stenographer, a bank clerk, a milliner, or musician, and as such has built up a business from which she derives a substantial income, and then marries with the expectation and intention of continuing such employment—and especially when such purpose is known to and

<span style="margin-left:2em">2. SAME.</span>

concurred in by the man she marries—we see no reason why she does not remain teacher, stenographer, clerk, milliner and musician, with all the legal rights, immunities and liabilities which would have been hers had she remained single. Her status with relation to her domestic and family relations has been changed, but her status as a business person remains unchanged. It would be unreasonable to say that a brief vacation from such service during the honeymoon season operates as an abandonment of her business, and that she can not be held to have an independent occupation until she returns to earth and takes up again her accustomed labor. The lawyer who temporarily leaves an established business to take a wedding journey does not cease *ad interim* to be a lawyer, simply because he tries no case and earns no professional fees during his absence. The appellee was none the less a music teacher because she had become a wife. She had left a large class of pupils, to whom she was returning to continue their course of instruction. Whatever she might earn in such employment would be her own, and her capacity to earn money in this manner was her own personal capital, her stock in trade, for the loss or impairment of which she was entitled to recover. Whether it be necessary to show the husband's consent to the independent employment before the wife can successfully assert a right of recovery in this class of actions we do not undertake to decide, for the record here sufficiently shows the consent.

There was no error in the rulings of the trial court, or in the refusal of the instructions asked by the appellant, or in denying appellant's motion for judgment notwithstanding the verdict, and the judgment appealed from is therefore *affirmed*.