GREGORY *v.* OAKLAND MOTOR CAR CO.

1. DAMAGES—HUSBAND AND WIFE — PERSONAL INJURIES—AUTOMO-
BILES—WIFE'S SERVICES.

> Damages for loss of the services of plaintiff's wife, arising
> from personal injuries suffered by her in a runaway ac-
> cident, which was caused by defendant's servant in charge
> of a motor car, are recoverable in an action by the hus-
> band, notwithstanding the provisions of Act No. 196, Pub.
> Acts 1911 (4 How. Stat. [2d Ed.] § 11552), giving the wife
> the right to her earnings and services. The statute means
> that all earnings acquired or services performed as a re-
> sult of her personal effort in any separate business carried
> on by her in her own behalf, or any services performed
> by her for others than her husband belong to her. Her
> labor, companionship, society, and assistance in the dis-
> charge of her family and household obligations still belong
> to the husband.

2. SAME—VALUE—EVIDENCE.

> Nor did the trial court err in submitting to the jury the
> question of the value of the wife's services, although no
> direct or express evidence was offered on the subject; and
> it was not improper to permit the jury to fix the damages
> to be recovered according to their good judgment and
> common sense.

3. SAME—EXCESSIVE AMOUNT—MARRIAGE.

> Seven hundred dollars for loss of the services of plaintiff's
> wife who was disabled from washing, ironing, milking and
> similar labor, upon testimony tending to show permanence
> of such injuries, was not an excessive verdict such as to
> require the court to grant a new trial.

Error to Oakland; Smith, J. Submitted April 20,
1914. (Docket No. 81.) Decided June 1, 1914.

Case by Fred J. Gregory against the Oakland Motor
Car Company for loss of the services of his wife be-
cause of personal injuries. Judgment for plaintiff.
Defendant brings error. Affirmed.

*Keena, Lightner, Oxtoby & Oxtoby,* for appellant.
*Pelton & McGee,* for appellee.

STONE, J. This is an action of trespass on the case to recover damages against the defendant for injuries to plaintiff's horse and buggy, also for expenses incurred by him for medical attendance upon, and for loss of the services, comfort, fellowship, and society of, his wife, by reason of the negligence of an employee of the defendant. Defendant is a corporation, and on May 4, 1912, was engaged in the manufacture of automobiles at Pontiac. On the day aforesaid plaintiff's wife was driving plaintiff's horse and buggy on the public highway in a northerly direction toward their home, when she was met by an automobile driven by one of defendant's testers.

Upon the trial plaintiff's claim, substantiated by the evidence, was that defendant's automobile was driven by its said employee at a dangerous and unlawful rate of speed and in a reckless manner, thereby scaring plaintiff's horse so that it sprang out of the road, tipped the buggy over, and threw out plaintiff's wife. The horse then ran away, injuring both the horse and buggy. Plaintiff's wife sustained bruises about her back, head and shoulders, and her right wrist was broken, and she was unable to do any work for three to five months, and at the trial, a year after the injury, there was testimony that she was unable to wash, bake, or iron, or to milk or work in the garden, as she had done before the injury; and there was medical testimony tending to show that there was permanent injury of the nerves of the hand, rendering it numb and impairing its use.

Plaintiff's wife had previously brought an action against the defendant, and had recovered a substantial amount for personal injuries.

Upon the trial of the instant case, defendant claimed that the plaintiff was entitled to recover only for

the damages to his horse and buggy and his expenses for medical attendance on his wife, since, by Act No. 196, Public Acts of 1911 (4 How. Stat. [2d Ed.] § 11552), the earnings of a wife and her earning power now belong to her, and not to the husband. Defendant therefore objected to any evidence being offered as to loss of the wife's services. This objection was overruled, and defendant duly excepted, and the evidence was received. Upon this subject defendant's counsel requested the court to charge the jury as follows:

(1) "I charge you that in this case the plaintiff as the husband of Sarah Gregory, is entitled to recover, if you find for the plaintiff, only (*a*) the damages to his horse and buggy; and (*b*) the expenses actually paid out or incurred by him for medical attendance, which is given at the sum of $47."

Which request was refused. There was evidence tending to show the nature, extent, and consequent effect of the wife's injuries, but there was no evidence as to the value of such services, and upon the subject of damages the court charged the jury as follows:

"In determining what amount, if any, you may award plaintiff by reason of the loss of the services and society of his wife, you may take into consideration whatever aid, assistance, comfort, and society the wife would be expected to render to, or bestow upon, her husband under the circumstances as shown by the evidence in the case, and in the condition in which the husband and wife were placed."

("In addition, you may award damages for the loss, if any, for the services of the plaintiff's wife, and the amount to be awarded therefor is committed to the sound judgment and good sense of the jury in view of the nature and extent of the disability, as you may find the same from the evidence. You will notice that neither Mr. Gregory, nor any of the witnesses was asked to express an opinion as to how much the services this husband claims as lost were worth per week, month or year. That is what is meant by say-

ing that subject is intrusted to the good judgment and common sense of the jurors. Such amount, if any, as you may award for the loss of the wife's services you will fix, and state separately in your verdict.")

The undisputed evidence showed that the plaintiff was a farmer, living upon a farm with his wife and family, at the time of the injury; that plaintiff's wife, before the injury, did the housework, and at times assisted in doing the chores; and that at the time of the injury complained of plaintiff was 52 years of age, and his wife 46.

The jury returned a verdict for the plaintiff, awarding him $100 damages to his property, and $700 for loss of his wife's past and future earnings, and a judgment was entered thereon for the plaintiff in the sum of $800.

The defendant brings the case here for review, and assigns error upon the admission of evidence as to the loss of the wife's services, and the refusal of the court to charge as requested, and upon that part of the charge included in parenthesis.

(1) Was the plaintiff entitled to recover for the loss of his wife's past and future earnings?

The statute relied upon by defendant is Act No. 196, Public Acts of 1911 (4 How. Stat. [2d Ed.] § 11552), entitled:

"An act defining and regulating the right of married women to their own earnings."

SECTION 1: "Each and every married woman in the State of Michigan shall be absolutely entitled to have, hold, own, retain and enjoy any and all earnings acquired by any such married woman as the result of her personal efforts; and to sell or otherwise dispose of any and all such earnings, and to make contracts in relation thereto to the same extent that any such married woman could have or do if unmarried."

Counsel for defendant have called our attention to the following cases: *Jordan* v. *Railroad Co.,* 138 Mass. 425; *Harmon* v. *Railroad Co.,* 165 Mass. 100

(42 N. E. 505, 30 L. R. A. 658, 52 Am. St. Rep. 499).

Some of the provisions of the statute of Massachusetts in force at the time of the above-noted decisions were as follows:

Chapter 147, Public Statutes of Massachusetts:

SECTION 2: "A married woman may make contracts, oral and written, sealed and unsealed, and in the same manner as if she were sole, except that she shall not be authorized hereby to make contracts with her husband."

SECTION 4: "All work and labor performed by a married woman for a person other than her husband and children shall, unless there is an express agreement on her part to the contrary, be presumed to be performed on her separate account."

SECTION 10: "The contracts made by a married woman in respect to her separate property, trade, business, labor, or services, shall not, except as provided in the following section, be binding on her husband, nor render him or his property liable therefor; but she and her separate property shall be liable on such contracts in the same manner as if she were sole."

Section 11 provides that, when a married woman does business on her separate account, she must file a certain certificate setting forth her name and that of her husband, the nature of the business, and the place where it is proposed to be carried on; provided that, if such certificates are not recorded, the property employed in such business shall be liable to be attached as the property of her husband and be taken in execution against him; and provides liability of the husband upon contracts lawfully made in the prosecution of such business the same as if the contract had been made by himself, in such case.

In *Jordan* v. *Railroad Co., supra,* it was held that, in an action by a married woman living with her husband for personal injuries sustained by her, she was entitled to recover for the diminution of her capacity to labor, resulting from the injuries. In that case

there was evidence tending to show that the plaintiff was a married woman, living with her husband; and that, besides doing ordinary housework, she took in sewing, the proceeds of which she applied to the support of the family of her husband. The trial court charged the jury as follows:

"If you find that the plaintiff is entitled to recover, she is entitled to recover for the pain she has suffered, both physically and mentally, and for the impairment of her ability to labor. No claim is made for loss of time or expenses of sickness, and in no event can the jury award anything for either; but the plaintiff's capacity to earn is her own, and, if entitled to recover at all, she is entitled to recover for any diminution of her capacity to labor that is shown to have resulted from the injury; and this is to be determined upon the whole evidence, and not by any special theory of computation suggested by counsel."

The jury having returned a verdict for the plaintiff, and defendant having alleged exceptions, the supreme court, in an opinion by Allen, J., held that the instructions given stated clearly the correct rule of damages, and referred to section 4 of the foregoing quoted statute.

In *Harmon* v. *Railroad Co., supra,* the same doctrine was asserted, and the same judge said, referring to the legislation of that State:

"The radical nature of the change effected by the legislation of this State in the legal condition of married women is illustrated in numerous decisions, of which *Jordan* v. *Railroad Co., supra,* most nearly resembles the present case in its facts."

Counsel for appellee call our attention to the later decision of *Kelley* v. *Railroad Co.,* 168 Mass. 308 (46 N. E. 1063, 38 L. R. A. 631, 60 Am. St. Rep. 397), where the doctrine is asserted that the common-law right of a husband to a right of action for the loss of *consortium* through an injury to his wife caused by negligence is not taken away by the Massachusetts

statutes giving married women the control of their time and actions. That was an action brought by the husband to recover damages for the loss of society of his wife and expenses incurred for medical attendance upon her by reason of an injury caused by defendant's negligence. The same judge who rendered the former decisions, referring to the statute and early decisions in Massachusetts, said:

"The unity and identity of interest which by the common law existed between husband and wife have been impaired. *Butler* v. *Ives,* 139 Mass. 202 [29 N. E. 654]. They are not, however, entirely done away with. The husband's right to compel his wife to work for him is abridged, but he still has a right to her society and assistance, which is different in character and degree from that which other people have, or which she is at liberty to give to them. By marriage, both husband and wife take upon themselves certain duties and obligations towards each other, in sickness and health, which it cannot be supposed that the legislature has intended wholly to uproot. A married woman may now perform any labor or services on her sole and separate account, as her husband may; nevertheless, each owes certain duties to the other which are not annulled by the statutes. *Mewhirter* v. *Hatten,* 42 Iowa, 288 [20 Am. Rep. 618]. These duties are included in the word *consortium;* but the extent of these duties, or of the right of *consortium,* need not now be determined."

In *Mewhirter* v. *Hatten, supra,* the question presented for decision was whether a married man was entitled to the personal labor and assistance of his wife to any extent whatever, so as to be entitled to maintain an action against one who, by injuries committed upon her, deprives him of such labor and assistance. The statute of Iowa reads as follows:

"A wife may receive the wages of her personal labor and maintain an action therefor in her own name and hold the same in her own right; and she may prosecute and defend all actions at law and in equity for the preservation and protection of her

rights and property, as if unmarried." Code 1873, § 2211.

The supreme court of Iowa, in construing this statute, said:

"We think that the terms 'wages of her personal labor,' as here used, refer to cases where the wife is employed to some extent in performing labor or services for others than her husband, or where she is carrying on some business on her own behalf; such, for instance, as dressmaking, or the millinery business or school teaching. In a word, she is entitled to the wages for her personal labor or services performed for others, but her husband is entitled to her labor and assistance in the discharge of those duties and obligations which arise out of the married relation. We feel very clear that the legislature did not intend by this section of the statute to release and discharge the wife from her common-law and scriptural obligation and duty to be a 'helpmeet' to her husband. If such a construction were to be placed upon the statute, then the wife would have a right of action against the husband for any domestic service or assistance rendered by her as wife. For her assistance in the care, nurture, and training of his children, she could bring her action for compensation. She would be under no obligation to superintend or look after any of the affairs of the household unless her husband paid her wages for so doing. Certainly such consequences were not intended by the legislature, and we cannot so hold in the absence of positive and explicit legislation."

The further language of that opinion is worthy of examination.

A provision of the Kansas statute is as follows:

"Any married woman may carry on any trade or business, and perform any labor or service on her sole and separate account, and the earnings of any married woman, from her trade, business, labor, or service shall be her sole and separate property, and may be used and invested by her in her own name." Gen. Stat. 1868, chap. 62, § 4.

It also provides that "she may sue to protect and enforce her rights, in the same manner as if she were unmarried."

In *City of Wyandotte* v. *Agan,* 37 Kan. 528 (15 Pac. 529), the above provision was passed upon by the supreme court of that State. The wife recovered judgment, and among the elements of damages was her loss of time and services, under an instruction from the trial court that she was entitled thereto under the statute. In reversing the decision of the trial court, the distinction was pointed out between services rendered inside the household and those rendered outside the household. It was said:

"It follows from this that the time and services of the wife do not necessarily belong to the husband, nor does an injury which causes the loss of such time and service necessarily accrue to him. At least a portion of her time may be given to the labor or business done on her sole and separate account. The profits or earnings of such business or labor are her sole and separate property, and cannot be appropriated or controlled by her husband without her consent. * * * Notwithstanding this, we are compelled to hold that the instruction was prejudicially erroneous. The duty devolves upon the husband to take care of and provide for the wife, and he is entitled to her society and to her services other than those performed on her sole and separate account. If he is deprived of these services in consequence of an injury inflicted, the loss is his, and the right of action therefor exists in him. The rule fixing the liability for the services of a married woman is fairly stated in a case which arose and was tried in New York, where a statute exists substantially like ours. It was held that:

" 'The services of the wife in the household, in the discharge of her domestic duties, still belong to the husband, and in rendering such service she still bears to him the common-law relation. So far as she is injured so as to be disabled to perform such services for her husband, the loss is his and not hers; and for such loss of service he and not she can recover of the wrongdoer. But, when she labors for another, her service no longer

belongs to her husband, and whatever she earns in such service belongs to her as if she were a *feme sole;* and so far as she is disabled to perform such service by any injury to her person, she can in her own name recover compensation against the wrongdoer for such disability as one of the consequences of the injury,  *  *  *  and the money recovered shall be her sole and separate property' "—citing *Brooks* v. *Schwerin,* 54 N. Y. 343, and other cases.

For the meaning of the term "services," when employed to indicate the ground on which the husband is allowed to maintain an action, see Cooley on Torts (2d Ed.), p. 266.

It will be noted that our statute above quoted gives to each and every married woman the right to have, hold, own, retain, and enjoy "any and all earnings acquired" by her. Can it be said that, in the performance by the wife of the ordinary duties of the housewife as a helpmate in the home of her husband, she has "acquired" the right to her earnings? We think not. If such construction were to be placed upon the statute, then the wife would have a right of action against her husband for any and all domestic services or assistance rendered in the household. We think the statute means that all earnings acquired or service performed by her as the result of her personal efforts in any separate business carried on by her in her own behalf, or any services performed by her for others than her husband, belong to her; but that her husband is entitled to her labor, companionship, society, and assistance in the discharge of those duties and obligations which arise out of the marriage relation, and that these belong to him. Where she has a separate business the wife may recover for loss of time as if she were sole. *Fife* v. *City of Oshkosh,* 89 Wis. 540 (62 N. W. 541) ; *Fleming* v. *Town of Shenandoah,* 67 Iowa, 505 (25 N. W. 752, 56 Am. Rep. 354).

She cannot recover for loss of time, if her occupa-

tion is that of a mere housewife in the family of her husband. *Lyle* v. *Gray*, 47 Iowa, 153.

We are of opinion that the trial court did not commit any error upon this branch of the case.

2. It is the further contention of appellant that, there being no evidence as to the value of the services of plaintiff's wife, it was error for the court to allow the jury to fix damages for loss of the wife's services according to their "good judgment and common sense."

There was no motion for a new trial, and there does not seem to be any specific claim on the part of appellant that the damages were excessive. But counsel claim there was no basis for the verdict of the jury, in so far as the value of the loss of the services is concerned.

Counsel for appellant have called our attention to *Nelson* v. *Railway Co.*, 104 Mich. 582 (62 N. W. 993). There the husband brought a suit under the "Death Act" to recover damages for the negligent killing of his wife. We do not think that this and kindred cases are controlling of the question here, for in those statutory actions the damages recoverable are the pecuniary loss only, and nothing for loss of companionship and society. It has been held in other States that, in cases like the instant case, there need not be evidence of the value or amount of the pecuniary loss.

In *Denver, etc., Tramway Co.* v. *Riley,* 14 Colo. App. 132 (59 Pac. 476), the court of appeals of Colorado discussed this question, and there said:

"There is some discussion of the question of the kind and amount of proof which is necessary, in a case like this, to enable a husband to recover for the loss of the services, companionship, and society of his wife. What these were worth in money was not shown, and, upon a little reflection, it is apparent that it could not be. The companionship and society of a

wife are not articles of commerce. They cannot be weighed or measured; they are not bought and sold, and no expert is competent to testify to their value. The consideration upon which they are bestowed is not pecuniary. Yet the husband is entitled to compensation in money for their loss, and the amount of that compensation is to be determined by the jury, not from evidence of value, but from their own observation, experience, and knowledge, conscientiously applied to the facts and circumstances of the case. So also in relation to the services of the wife. The wife does not occupy the position of a servant, and her services to her husband are not those of a servant. She makes his home cheerful and inviting, and ministers to his happiness in a multitude of ways outside of the drudgery of household labor. All the work of the house may be done by hired employees, and her services still give character to the home. They are not rendered in accordance with set rules; they are not repeated in regular order from day to day. They have their source in the thoughtfulness of the wife, and her regard for her husband, and no witness is qualified to define them, or reduce them to a list, or say what they are worth. So that their value must also be estimated by the jury. *Furnish* v. *Railway Co.*, 102 Mo. 669 [15 S. W. 315, 22 Am. St. Rep. 800]; *Metropolitan, etc., R. Co.* v. *Johnson*, 91 Ga. 466 [18 S. E. 816]."

In *Metropolitan, etc., R. Co.* v. *Johnson, supra,* the supreme court of Georgia, upon this subject, said:

"When the loss of a wife's services, resulting from a personal injury to her, is to be compensated for, she is not to be treated as an ordinary servant or as a mere hireling. Cooley on Torts (2d Ed.), p. 266; *Pennsylvania R. Co.* v. *Goodman*, 62 Pa. 329. She sustains to her husband and his household a relation special and peculiar. Her place cannot be supplied; no other is capable of filling it. Some wives perform manual labor—others do not; yet the husbands of the latter no less than those of the former would certainly be entitled to compensation from wrongdoers for causing inability to perform service. The actual facts and circumstances of each case should guide the jury

in estimating for themselves, in the light of their own observation and experience and to the satisfaction of their own consciences, the amount which would fairly and justly compensate the plaintiff for his loss. Certainly some elements of loss, such as manual labor, would be subject to estimation by witnesses; and, if evidence of this kind were produced, of course the jury should consider it together with the other facts. But what we hold distinctly is that there need be no direct or express evidence of the value of the wife's services, either by the day, week, month, or any other period of time, or of any aggregate sum."

The rule is stated in 13 Cyc. p. 215, n. 22, as follows:

"There is no need of direct or express evidence of the value of a wife's services, either by the day, week, or any other stated period, in order to entitle the husband to recover for the loss thereof, as the relation which she sustains to him is a special and peculiar one, and the actual facts and circumstances of each case should guide the jury in estimating for themselves, in the light of their own observation and experience, and to the satisfaction of their own consciences, the amount which would fairly and justly compensate the husband for his loss"—citing *Kelley* v. *Mayberry Township,* 154 Pa. 440 (26 Atl. 595); *Gainesville, etc., R. Co.* v. *Lacy,* 86 Tex. 244 (24 S. W. 269). See, also, *Black* v. *Railroad Co.,* 146 Mich. 568 (109 N. W. 1052).

This last-cited case deals with the rule in actions for damages involving the death of a minor child.

As was said in *Furnish* v. *Railway Co., supra,* referring to the fact that no evidence was offered of the value of the services:

"To this it may be said that the nature of the subject does not admit of direct proof of value and that, when the fact of loss of society is established by testimony, the assessment of reasonable compensation therefor must necessarily be committed to the sound discretion and judgment of the triers of fact."

Similar language was used by the court in *Kelley* v. *Mayberry Township, supra.*

We are of opinion it cannot be said in the instant case that there was no basis upon which to find a verdict for damages; nor can we say on this record that the damages were excessive.

The judgment of the circuit court is affirmed.

McALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.