BLAIR v. SEITNER DRY GOODS CO.

1. NEGLIGENCE—ELEVATORS — PERSONAL INJURIES—STOREKEEPERS—DUTY TO CUSTOMERS.

Where plaintiff claimed that she was injured in attempting to step into defendant's elevator in his store and fell because it was dark at the entrance to the elevator and she was unable to observe that the floor of the same was below the level of the floor from which she was entering it and it was not clear whether she did or did not exercise sufficient care in entering it under the circumstances, the trial court did not err in submitting the question as one of fact to the jury.

2. SAME—EVIDENCE — EXTENT OF INJURIES — EXPERT TESTIMONY—MEDICAL EXPERTS.

In an action for personal injuries, the question of the extent of the injuries, depending upon the testimony of expert medical witnesses, must be established by a preponderance of the evidence; it is insufficient to show by the opinions of physicians that the injuries which plaintiff sustained might have caused the condition of which she complained or that they might have resulted from previous troubles or ill health. The recovery ought not to depend upon the jury attributing to a particular cause conditions which might as well be attributed to others.

3. SAME—HUSBAND AND WIFE—CONSORTIUM.

> The right of consortium, defined as the right to conjugal fellowship of the wife and of her co-operation and aid in every conjugal relation, is the right which arises out of the marital relation and at common law was an element for which plaintiff might recover damages if he was able to show that he had been deprived thereof.[1]

4. SAME—DAMAGES.

> At common law when a married woman was injured in her person she was joined with her husband in an action for the injury and nothing was recoverable for loss of her services or for expenses to which he had been put or for the loss of ability to earn wages, render services and of being helpful to others; such element of damages belonged to the husband who was entitled to the labor and services earned by the wife.

5. SAME—STATUTES—DAMAGES.

> In relieving the wife of common law disability, the legislature has denied to her husband the right to her earnings and the profits of any business which she might attempt to carry on but has not put her domestic duties in and about the home upon a pecuniary basis so as to entitle her to recover damages for the loss of ability to perform them.

6. SAME—MARRIAGE.

> For loss of consortium neither husband or wife is entitled to recover under the law of this State.

Error to Bay; Collins, J. Submitted October 6, 1914. (Docket No. 6.) Decided March 17, 1915.

Case by Edmund Blair against the Seitner Dry Goods Company for personal injuries sustained by his wife. Judgment for plaintiff. Defendant brings error. Reversed.

*Stoddart & McMillan,* for appellant.

*De Foe, Hall & Converse,* for appellee.

---

[1] On the question of the right of a husband to recover for loss of consortium through personal injury to his wife, see note in 33 L. R. A. (N. S.) 1042.

It is the claim of plaintiff that because of the negligence of defendant his wife sustained personal injuries. He sued to recover damages for his resulting injury. In his declaration he describes her injuries as—

"Injuries to her back, spine, digestive organs, intestines, kidneys, and bladder and to her uterus and its organs, resulting in appendicitis and a displacement of such uterus and its said organs, all occasioning nervousness, sleeplessness, loss of consciousness, and sexual power, dizziness, and fainting spells."

As a result, he says:

"Plaintiff has been compelled to lay out and expend large sums of money for medical and surgical care and attention, medicine, care, and nursing in an endeavor to cure her of such injuries, hindrance, and incapacity and to restore such sexual power and consortium, and it will always continue to be necessary for him to expend large sums of money for medical and surgical treatment, care, and nursing that would have been wholly unnecessary to expend had she not received said injuries and been hindered and incapacitated as aforesaid, and by reason of such injuries he has lost the value of her earning capacity, services, and consortium and the large sums which she otherwise would have been able to earn for and save to him in and about her duties as such housekeeper, and in and about similar labor, and in the future he will continue to lose large sums from her said earning capacity being so impaired and by reason thereof and the several losses so sustained by him, including the value of such services and consortium."

Testimony introduced on the part of plaintiff tended to prove that upon an occasion in April, 1912, when his wife, accompanied by two daughters, was shopping in defendant's store, they undertook to use the elevator, in stepping into which, at the invitation of an employee, she fell because the floor of the elevator was below the level of the floor of the store, a condition of things which on account of semi-darkness

in the elevator and the invitation aforesaid she did not discover. Issues of fact were raised by the testimony about the negligence of defendant, the negligence of the wife, the nature and effects of the injuries she sustained and, connected with the last, her previous physical condition. These issues, and others concerning the result to plaintiff, were submitted to a jury, and a verdict for $1,550.40 was returned. Judgment was entered on the verdict, and a new trial was refused.

Over objection that it did not tend to establish a basis for estimating plaintiff's damages, the plaintiff's wife was permitted to testify as follows:

"*Q.* Prior to your injury what was your relation with your husband with reference to the relation between a wife and husband on occasions?

"*A.* I was perfectly well on that occasion.

"*Q.* Had there ever been anything that interfered physically with the acts of intercourse between a wife and husband?

"*A.* No, sir."

A physician was permitted over objection to answer this question:

"*Q.* During that time what was her capacity as to discharging the functions of a wife so far as intercourse with a husband is concerned?

"*A.* I would not think that would be possible."

Other medical testimony upon the subject was admitted, and the plaintiff on direct examination gave the following:

"*Q.* Is the companionability, the sociability in your home the same now that it was before her injury?

"*A.* No, sir, it is not. It is less."

On cross-examination, he testified:

"*Q.* What do you mean by less? Your wife is there all the time as before?

"*A.* She is there, yes.

"*Q.* Then why is her companionship less than it

was before if she is there with you as much as ever; you can talk and visit with her and associate with her just as well now as before, can you not?

"*A.* Sometimes, not all the time. The woman is in pain all the time, and when a person is in pain they don't feel much like talking and laughing and joking, nor anything of that kind. They feel more like going and hiding themselves sometimes.

"*Q.* Then does it simmer down to this, that she is not at times in as cheerful a mood or condition now as she used to be?

"*A.* No, sir.

"*Q.* Is that what you complain of?

"*A.* Yes, sir.

"*Q.* Is there anything else in that connection that you complain of?

"*A.* No, not in particular."

The jury was instructed:

"By consortium as used by me is meant the right of plaintiff as husband to the fellowship of his wife, to her company, co-operation, and aid in every marriage relationship that ordinarily arises and exists as between husband and wife, including the care of his home, attention to household affairs, and such other reasonable discharge of ordinary domestic duties as she was accustomed to render him as his wife, and as is usual as between husband and wife situate as they were."

Also, in stating for what injuries plaintiff's damages should be determined:

"Third, for any and all loss sustained by plaintiff, if any, by the impairment of her ability and power to render such domestic services and perform such work as she, as his wife, was accustomed to render to plaintiff in his household prior to such injuries, including such loss of consortium as I have explained, and such of said services as she would have continued · to render but for these injuries, and in determining the amount which you will allow plaintiff, if any, under this third subdivision you will deduct therefrom such sum as you may allow the plaintiff, if any, for any and all expenditures for help in his home for

which you may have made him an allowance under the second subdivision last above."

The contributory negligence of plaintiff's wife is established, it is claimed, as matter of law, for which reason the court should have directed a verdict and, failing this, should have granted a new trial. The results of the injury to plaintiff's wife claimed by the plaintiff are not, it is said, made out; they are plainly conjectural.

In plaintiff's bill of the particulars of his damages is an item for—

"Expenses in connection with medical and surgical care and attention, medicine, care, and nursing of Louise Blair, wife of plaintiff, heretofore incurred and to be hereafter incurred, $500," and one for "loss of consortium of Louise Blair, as wife, heretofore incurred and to be hereafter incurred $2,000."

These, with a claim of $2,500 for loss of her earning capacity and services as wife, make up the $5,000 demand, to recover which the suit is brought.

The testimony of the plaintiff tended to prove that as she stepped into the elevator she fell, striking with the lower part of her abdomen a stool which was in the elevator, causing a displacement of the uterus and a condition which developed appendicitis. A surgical operation was resorted to some 2½ months after the injury was received, the cost of which is an item of plaintiff's demand. Whether this operation was made necessary by the injuries received by plaintiff's wife in defendant's store, or whether her condition, relieved or attempted to be relieved by the surgical operation, was of long standing and due to other causes, was a subject which received considerable attention at the trial. Upon this subject the defendant preferred the following request, which was refused:

"There is no evidence tending to show that there was anything wrong with any of Mrs. Blair's organs excepting the appendix and uterus, and there is no

evidence tending to show that her appendix and uterus were injured by the fall which it is claimed in this case she sustained in defendant's elevator, and there is no evidence tending to show that the surgical operation performed by Dr. Ballard became necessary because of any injury sustained by her in the accident complained of, and therefore the plaintiff is not entitled to recover, and I charge you to render a verdict in favor of the defendant."

Defendant offered in evidence the files and records in the suit of Louise Blair (plaintiff's wife) against this defendant, in which she recovered $1,000 damages for the injury in question here, which judgment was paid. They were excluded. They show that in that suit she alleged as damages expenses for medical and surgical care, medicine, and nursing already incurred and to be incurred, and loss of earning capacity, and large sums which she would have been able to earn as housekeeper, etc. The right of the husband in a case of this nature to recover damages for the loss of the services of his wife was and is questioned.

OSTRANDER, J. (*after stating the facts*). In the brief for appellant argument is addressed to the alleged positive character of the evidence establishing the negligence of plaintiff's wife, the uncertainty of the evidence to establish the injuries claimed to have been received by her, the rulings of the court and the charge upon the subject of plaintiff's loss of consortium, the alleged excessive recovery, and the verdict of the jury which is, it is claimed, opposed to the weight of evidence. These are the subjects of principal discussion and will be considered.

1. It is not clear whether plaintiff's wife did or did not exercise a proper degree of care in entering the elevator under the circumstances she says existed there. The question was for the jury.

2. The nature and extent of the injuries sustained

by plaintiff's wife are uncertain. The opinions of the medical men go no further than this: that her condition at the time of the operation and before and after it is not in doubt and, with certain exceptions, might have been the result of the injury. These witnesses relate also other causes for such a condition as existed, and it is plaintiff's claim that by his testimony he has eliminated these other possible causes from consideration, for which reason the proximate cause of her condition is not conjectural. On the other hand, it is the contention of defendant that the testimony is equally convincing that her troubles, relieved by the surgeons, were of long standing. It is very doubtful whether, exercising themselves wholly outside the domain of conjecture and wholly within that of proper and reasonable deduction from such testimony as they believed, the jury could have reached either material conclusion. As was true in *Farrell* v. *Haze*, 157 Mich. 374, 391, 392 (122 N. W. 197), a final condition of the patient was made certain by expert testimony. In the *Farrell Case* it was admitted that the cause of the condition was matter for expert determination. In the case at bar the accident (in the *Farrell Case* the treatment) might have produced the known condition. But in this, as in that case, the testimony seems to fall short of showing that it is more probable the conditions, relieved by the surgical operation, were caused by the accident. So much plaintiff was bound to prove. Otherwise recovery depends upon attributing to a particular cause an injury which may as well be attributed to another cause.

3. Consortium has been defined as the person's affection, society, or aid; the right to the conjugal fellowship of the wife, to her company, co-operation, and aid in every conjugal relation. 8 Cyc. p. 614. See *Jacobsen* v. *Siddal*, 12 Ore. 284 (7 Pac. 108, 53

Am. Rep. 360) ; 21 Cyc. p. 1525; Bouvier's Law Dict. p. 402.

"The right of consortium is a right growing out of the marital relation, which the husband and wife have, respectively, to enjoy the society and companionship and affection of each other in their life together." *Feneff* v. *Railroad,* 203 Mass. 278 (89 N. E. 436).

*"Per quod consortium amisit"* (by which he has lost the companionship) was the phrase used when at the common law plaintiff declared for any bodily injury done to his wife by a third person. 3 Blackstone Commentaries, p. 140. Appellant says:

"We insist that for loss or diminution of his wife's 'marriage fellowship,' of her 'company and co-operation,' that even if her society and companionship is less satisfactory than formerly, that in his association and intercourse with her he finds less comfort, pleasure, or happiness, all of which are matters of sentiment affecting the mind and heart and not the pocket, he cannot recover damages therefor. In this case no evil motive or wilful misconduct on the part of the defendant is claimed. * * * This is unlike an action on the case for seduction, or alienation of the wife's affections, which stand upon peculiar reasons."

At common law when a married woman was injured in her person she was joined with her husband in an action for the injury, and in such action nothing could be recovered for loss of her services or for the expenses to which the husband had been put in taking care of and curing her. There was no allowance for her loss of ability to earn wages, render services and be helpful to others, because these elements of damage, so far as recoverable at all, belonged to the husband. For such loss of services and such expenses the husband alone could sue. 1 Chitty, Pl. p. 84. The common law gave the husband the right to the labor, services, and earnings of his wife.

It is not now an answer to the wife's suit to recover damages for injuries to her person that her husband is not joined as plaintiff. The legislature has relieved her of certain disabilities so called and has denied to her husband the right to her earnings and the profits of any business she may carry on. It has not, however, put her domestic duties and labor, performed in and about her home for her family, upon a pecuniary basis, nor meant to classify such duties as services, nor to permit her to recover damages for loss of ability to perform them. *Gregory* v. *Motor Car Co.*, 181 Mich. 101 (147 N. W. 614). Where there is no intentional wrong, the ordinary rule of damages in every case goes no further than to allow pecuniary compensation for the impairment or injury directly done. If a husband is injured and recovers his damages, his wife cannot usually recover damages. The husband has usually, as a result of his action, been compensated for his pain and suffering, past and future, for loss of time, for diminution of capacity to earn money. The minor children of an injured father and those of an injured mother may suffer on account of the injury, but it has never been considered that they had an action therefor. The negligent defendant is supposed to have made full pecuniary compensation to the injured parent. Their loss is regarded not as direct, but consequential and remote.

If a husband may recover for loss of consortium resulting from physical injury to the wife occasioned by negligent conduct of the defendant, the wife may recover for loss of consortium of the husband under similar conditions. The right affected, if it may be properly called a right, is mutual. No reasoning will now support a recovery by one which will deny it to the other spouse.

"No case has been brought to our attention, and after an extended examination we have found none,

in which an action for a loss of consortium alone has been maintained merely because of an injury to the person of the other spouse, for which the other has recovered, or is entitled to recover, full compensation in his own name, when the only effect upon the plaintiff's right of consortium is that, through the physical or mental disability of the other, the companionship is less satisfactory and valuable than before the injury." *Feneff* v. *Railroad,* 203 Mass. 278, 280 (89 N. E. 436, 437, 24 L. R. A. [N. S.] 1024, 133 Am. St. Rep.. 291).

If plaintiff has in fact, on account of his wife's injury, lost a service · which she habitually rendered, then, as service, and according to the pecuniary value of it, he ought to be permitted to recover. Recovery should be according to the fact. For loss of con· sortium, of the undefined and indefinable influence of either spouse in the family relation, and the pleasure of the relationship, neither may recover. The Massachusetts decision in *Kelley* v. *Railroad Co.,* 168 Mass. 308 (46 N. E. 1063, 38 L. R. A. 631, 60 Am. St. Rep. 397), relied upon in *Gregory* v. *Motor Car Co., supra,* and often cited in text-books and opinions of judges has been distinctly overruled as to the point now being considered. *Feneff* v. *Railroad, supra; Bolger* v. *Railway Co.,* 205 Mass. 420 (91 N. E. 389). While our own former decisions do not distinctly rule the point, still *Bowdle* v. *Railway Co.,* 103 Mich. 272 (61 N. W. 529, 50 Am. St. Rep. 366), is plainly not opposed to it. Nor do I think *Gregory* v. *Motor Car Co.* wrongly decided; no specific claim having been made that the damages were excessive, and the objection being that the husband could not recover at all for loss of services of his wife. As to the elements which may be considered by a jury in fixing the pecuniary loss of the husband, the charge delivered in that case was in some respects opposed to the conclusion I have reached (although to that portion of the charge no objection appears to have been made), and some of

the decisions of other courts quoted with approval permit a jury to consider what I now think they should not be permitted to consider in estimating the value of the wife's services.

The testimony referred to should not have been received, the court erred in his instructions upon the subject of loss of consortium, and, more doubtful, but nevertheless tangible, plaintiff did not fairly sustain the burden of proving that the probable cause of the wife's injuries, relieved by a surgical operation at the cost of the husband, was the injury for which defendant was held responsible.

The judgment is reversed and a new trial granted.

BROOKE, C. J., and MCALVAY, KUHN, STONE, MOORE, and STEERE, JJ., concurred. BIRD, J., did not sit.