HRVATIN, APPELLANT, *v.* CLEVELAND RY. CO., APPELLEE.

(No. 18661—Decided May 18, 1942.)

*Messrs. Harrison & Marshman,* for appellant.
*Messrs. Squire, Sanders & Dempsey,* for appellee.

SKEEL, J. The plaintiff, appellant herein, on November 1, 1937, was a passenger on one of defendant's Union avenue streetcars. The streetcar was travelling west and as it was passing in the neighborhood of East 81st street, the circuit breaker of the streetcar blew out causing a noise and also some smoke which came from the motorman's vestibule into the streetcar. In the course of the excitement and confusion the plaintiff with other passengers tried to make her way out of the car as a result of which the plaintiff claims to have been trampled and injured. The plaintiff was a married woman and at the time of the accident was on her way to the May Company where she was employed as a cleaner. The case was submitted to a jury and a verdict of $250 in favor of plaintiff was returned. The plaintiff by this appeal presents two assigned errors which she claims to be prejudicial to her case.

1. That the court erred in refusing certain testimony with respect to her employment and the amount of her earnings as bearing on the amount of her damages.

2. In charging the jury that the plaintiff, if entitled to recover, could not include as an element of her damage any loss of her income because of her work as a cleaning lady at the May Company.

The charge of the court was as follows:

"Now, as to the question of damages, there has been set up in the second amended petition of the plaintiff a claim for the injuries which plaintiff alleges she sustained, for loss of earning power which in her petition she alleges she sustained, and for medical expenses, but I must charge you that you are not permitted in your considerations to consider any loss of salary or any medical expense, because the plaintiff would not have a right in law to sue therefor, and therefore you should limit her solely should you come to such consideration, you should limit solely to the question of

personal injuries alleged to have been sustained * * *.''

There can be no question as to the accuracy of the court's charge as it deals with the inability of the plaintiff to include as a part of her damages the medical expenses incurred by her, nor does the plaintiff so contend.

Both of these questions are concerned with the same question of law, which is: Can a married woman claim as damages in a personal injury case what she has lost as wages from employment which she performs outside of her home?

The view that the trial court took according to the charge, was that the plaintiff's loss of wages could not be considered as an element of damage. Section 7999, General Code, bears directly on this question. It provides:

''A husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other.''

In *Bechtol* v. *Ewing, Admr.*, 89 Ohio St., 53, 105 N. E., 72, the Supreme Court had before it the right of a married woman to maintain an action in her own name for services which she performed for another outside of and apart from her regular household duties. The court held in paragraph one of the syllabus:

''Compensation for services rendered by a wife outside of the home of her husband, with whom she is living, such services not being * * * in interference therewith, is recoverable in an action therefor in her own name and for her own use.''

And on page 58 of the opinion, the court, in speaking of the force of Section 7999, General Code, says:

''The common-law disability of a married woman in Ohio is abrogated by Section 7999, General Code, where

502

it is provided that a husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other."

And in going directly to the question before us the court says, beginning on page 58 at the bottom:

"But the services for which a recovery can be had, on account of loss, are confined to those of a domestic nature, and cannot be extended to include those rendered by the wife outside of the household. In the case before us the services rendered by the wife were not rendered in the household, but at the home of the mother of the husband."

The same question has been before many other jurisdictions where statutes of a similar character have been enacted changing the common-law rule. In all the cases coming to our attention there is a sharp distinction to be found between domestic services rendered by the wife for and on behalf of the household and in non-domestic services rendered for outsiders. For loss occasioned to her ability to attend to her household duties, the right of action remains in the husband, but where the wife does work for others she is entitled to enforce her contractual right in an action in her own name. Such right would certainly include the right to include as damages in a tort action any loss which she has sustained to her personal income from outside employment in which she was engaged at the time she was injured, if such injury in any manner affected such income.

In 13 Ruling Case Law, 1440, Section 489, the author, upon an analysis of the leading cases says:

"Some courts have taken the broad general view that a married woman cannot recover damages for her

loss of time or her capacity to render household duties or to do work generally, even though she ordinarily earns money by work outside of her household duties, except possibly where the husband has given his consent to her engaging in outside business, and to her receiving her earnings therefrom as her own. The better view, however, is that where a married woman is personally entitled, as against her husband, to the fruits of her earnings, and is engaged in a trade or business on her sole and separate account, her loss in this respect is a proper element of damages. The reason for this rule is that though the statutes may not have deprived a husband of the services of the wife in the household, in the care of the family or in or about his business, yet they have bestowed on her, independent of him, her earnings on her own account and have given her authority to acquire them. The cases proceed on the ground that there is a difference between the discharge of marital duties and independent labor that as the results of her earning capacity exerted for herself belong to her, deprivation of that earning capacity must be to that extent her individual loss. The rule that where a wife is engaged in a separate trade or business an injury to her results in a loss of earnings or earning capacity, has been very generally applied where her labor for herself could on any substantial basis be deemed a separate trade or business as distinguished from domestic or household labors. Thus, where a married woman at the time of the injuries was customarily engaged in washing clothes for others for a compensation by the day, though she expended the money received by her in the support of the family, she was held entitled to prove the time lost on account of such injury."

The cases cited in support of this statement of the law are: *Niemeyer* v. *C., B. & Q. Ry. Co.,* 143 Iowa, 127, 121 N. W., 521; *Texas & Pac. Ry. Co.* v. *Humble,* 181 U.

S., 57, 45 L. Ed., 747, 21 S. Ct., 526; *Harmon* v. *Old Colony Rd. Co.,* 165 Mass., 100, 42 N. E., 505, 30 L. R. A., 658; *Fleming* v. *Town of Shenandoah,* 67 Iowa, 505, 25 N. W., 752.

The defendant, in its brief, does not seriously attempt to support the trial court's ruling on the evidence and its charge on the plaintiff's right to have considered as a part of her damage the loss of her separate income. The defendant contends that even if there be error it was not prejudicial because the damages awarded by the verdict of the jury were adequate and complete. With this contention we cannot agree. To misstate the rule of damages must affect prejudicially the rights of the litigant.

The judgment of the Court of Common Pleas is therefore reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

LIEGHLEY, P. J., and MORGAN, J., concur.