STAR BREWING COMPANY *vs.* JAMES F. FLYNN & others.

Suffolk.    October 20, 1927. — November 25, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Jurisdiction,* Res judicata, Conveyance in fraud of creditors, Bona fide purchaser, Statute of limitations. *Res Judicata. Bona Fide Purchaser. Corporation,* As cloak for fraudulent conveyance. *Equity Pleading and Practice,* Amendment. *Bankruptcy,* Rights of trustee.

If, within a month after the commencement of a suit in equity by a judgment creditor to reach and apply in satisfaction of his debt property of the principal defendant transferred by him to his wife and another without consideration, the principal defendant is adjudicated a bankrupt, it is proper to permit the trustee in bankruptcy, subsequently appointed, upon his motion to become a party plaintiff to prosecute the suit on behalf of and for the benefit of the creditors of the bankrupt.

Adjudications in the suit which terminated in the judgment, which was the foundation of the suit in equity by the judgment creditor above described, were not *res judicata* as to the trustee in bankruptcy admitted to prosecute the suit in behalf of and for the benefit of the creditors of the main defendant, the creditors not having been represented in the original suit.

The facts found by a master, to whom the suit above described was referred, in a report which was confirmed in an interlocutory decree from which no appeal was taken, included findings that certain real estate had been conveyed by the principal defendant to his wife, another defendant, without consideration at a date when the principal defendant intended "to incorporate so that none of his creditors could get him"; that such a corporation was formed, which was chargeable with knowledge of his purpose; that the proceeds of the corporation's operation in large part were traced to the principal defendant and his wife; and that all was done in the carrying out of a carefully planned scheme, the sole purpose of which was to place his property beyond the reach of creditors if, as events proved, he should be obliged to go into bankruptcy; and it was *held,* that the device of the corporation was not available as a shield to protect the principal defendant from the consequences of the fraud and that the property conveyed to the wife also could be reached by the trustee in bankruptcy.

The defence of the statute of limitations is not available against a claim
set up in an amendment to a bill in equity if the statutory period had
not passed at the date of the filing of the original bill.

BILL IN EQUITY, filed in the Superior Court on July 20,
1922, and afterwards amended, to reach and apply toward
the payment of a judgment in favor of the plaintiff against
the defendant James F. Flynn property of his alleged to
have been conveyed by him without consideration to the
other defendants.

By an amendment to the answer of James F. Flynn, filed
on July 7, 1924, it appeared that he had been adjudicated a
bankrupt on August 1, 1922. A motion by James H. Duffy,
trustee in bankruptcy of James F. Flynn, was allowed on
November 17, 1924, permitting him "to appear and prosecute
the suit in behalf of and for the benefit of said bankruptcy
estate."

On November 24, 1924, the suit was referred to a master,
hearings to begin on that day and to continue from day to
day. On November 26, 1925, the plaintiff trustee in bank-
ruptcy was permitted to amend the bill. On April 10, 1926,
the master filed his report.

Material facts found by the master are stated in the opin-
ion. Exceptions to the report were overruled and the report
was confirmed by an interlocutory decree entered on Jan-
uary 29, 1927, by order of *Morton*, J., from which no appeal
was taken.

By order of the same judge and on the same day, a final
decree was entered establishing the debt due Star Brewing
Company, directing payment of the debt by James F. Flynn,
and, in default thereof, the sale by a master of certain de-
scribed real estate, title to which stood in the name of the
defendant Josephine M. Flynn, the payment of the proceeds
of such sale, after satisfaction of expenses of the sale, to the
plaintiff trustee up to the amount found due the Star Brew-
ing Company, the balance to be paid to the defendant Jose-
phine M. Flynn; and conveyance and transfer to the plaintiff
trustee in bankruptcy by Josephine M. Flynn and James F.
Flynn of certain specified personal property. The defend-

ants James F. Flynn, Josephine .M. Flynn, and Hotel Osborne, Incorporated, appealed from the final decree.

*I. H. Fox*, for the defendant Josephine M. Flynn.

*J. W. Connelly*, for the defendants Hotel Osborne, Incorporated, and James F. Flynn.

*J. J. Donahue*, (*J. H. Duffy* with him,) for the plaintiff.

BRALEY, J. The plaintiff having recovered judgment against the defendant James F. Flynn, execution for which was returned unsatisfied, brought the present suit to reach and apply in satisfaction of the judgment certain real and personal property which it is alleged Flynn with intent to cheat and defraud the plaintiff transferred to, and caused to be taken or placed in the name of, his wife, the defendant Josephine M. Flynn, as well as personal property claimed by the defendant, Hotel Osborne, Incorporated, for which no valuable consideration was given. James F. Flynn having on his own petition been adjudged a bankrupt August 1, 1922, James H. Duffy, who had been appointed trustee, was properly allowed to intervene and to prosecute the suit for the benefit of the bankrupt's creditors. U. S. bankruptcy act 1898, § 47 (2). *Metcalf* v. *Barker*, 187 U. S. 165. We shall hereinafter refer to Duffy as the plaintiff. During the proceedings before the master to whom the suit had been referred, the plaintiff amended the bill, to which amendments the defendants Flynn and the defendant Hotel Osborne, Incorporated, filed answers. They also alleged numerous exceptions to the master's report. But, an interlocutory decree having been entered overruling the exceptions and confirming the report, from which no appeal was taken, the question before the trial court was, whether on the pleadings, the master's report, and such inferences of fact as warrantably could be drawn therefrom, the plaintiff was entitled to relief. *Kennedy* v. *Welch*, 196 Mass. 592, 594. A final decree having been entered for the plaintiff, the defendants Flynn and the Hotel Osborne, Incorporated, appealed.

It is contended that the decree in the case of *Star Brewing Co.* v. *Flynn*, 237 Mass. 213, which was pleaded in bar, precludes the plaintiff from maintaining the bill. The plaintiff,

however, was not a party to that suit, and in the case at bar he represents "creditors of the estate who could not be said by any possibility to have been represented in the other action." *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 570, 571. *Metcalf* v. *Barker, supra.*

The contention that the defendant Josephine M. Flynn was a purchaser for value of the real estate which the bankrupt caused to be conveyed to her, or that it was a valid gift, cannot be sustained under the findings of the master. It appears that Mrs. Flynn gave no consideration for the purchase, and that at the date of the transaction her husband intended "to incorporate so that none of his creditors could get him." The bankrupt was engaged in the business of keeping a hotel under the name of "Hotel Osborne," and on August 22, 1918, when his debts exceeded his assets, he organized the Hotel Osborne, Incorporated, which did a successful business, the proceeds of which enured to his sole benefit, and that, although he was its president and treasurer, no formal transfer of the personal property or equipment of the hotel was made to the corporation. The business continued to be carried on without any ostensible change except as to the banking institutions in which the revenue derived from the business was deposited. The applications for licenses issued for each succeeding year from May 1, 1918, to and including April 30, 1921, contained the statement made by Flynn under oath, that he was the sole legal owner of the business. See G. L. c. 140, § 2, 4, 20. The corporation, while a distinct legal entity, nevertheless was an instrumentality created, controlled, and operated by Flynn to secrete his property and circumvent his creditors. It must be presumed in view of these circumstances that when Flynn with knowledge of his financial condition devised the corporation he intended thereby to accomplish the natural results of his acts if the plan was successful. The device does not of itself aid him. It is not available as a shield to protect him from the consequences. *Matthews* v. *Thompson*, 186 Mass. 14, 20. *Forbes* v. *Thorpe*, 209 Mass. 570, 582. *Gardiner* v. *Treasurer & Receiver General*, 225 Mass. 355, 367. *Reed* v. *Cook*, 238 Mass. 83, 92. The corporation is also chargeable

with knowledge of the purpose for which it had been charted and was used. It was not a purchaser for value without notice of the fraud for the accomplishment of which it had been formed and was used. *Raynes* v. *Sharpe,* 238 Mass. 20. The personal property which it claims to own and to which it never acquired title can be reached by the plaintiff. It is part of the bankrupt's estate as well as the other personal property described in the report, which the master states is still in the possession or control of the bankrupt or his wife.

The business moreover after the incorporation was conducted by Flynn under no authority delegated directly or indirectly by the board of directors, or by any person representing the corporation, or the stockholders. From the proceeds of the business Flynn, after making disbursements required for hotel expenses, withdrew money, which he handed to, or deposited in the name of, Josephine M. Flynn under the designation of "dividends or compensation." It is found that, even if one share of the capital stock was issued to Josephine M. Flynn when the corporation was organized, she made no payment in cash nor transferred any property therefor. It is also found as to the shares of stock subsequently issued in her name, that the money to pay for the stock came from her husband. The master's history of the bankrupt's manipulation of his property, in which his wife in so far as necessary joined and in which the corporation was a participant, shows a carefully planned scheme, the sole purpose of which was to place his property beyond the reach of creditors if, as events proved, he should be obliged to go into bankruptcy.

The statute of limitations is also pleaded by Josephine M. Flynn and by the corporation, on the ground that the allegations of fraud in the tenth, eleventh and twelfth paragraphs of the amended bill relate to transactions which occurred more than six years before the amendment was filed. While the amendment was allowed May 26, 1925, the original bill was filed July 20, 1922, and the bill as amended became the original bill which had been brought seasonably. *Cole* v. *Wells,* 224 Mass. 504, 512.

We have considered all the questions argued by counsel for the appellants in so far as they are open on the record, and find no reversible error. The entry must be

*Decree affirmed with costs.*