EDITH P. JONES *vs.* JAMES CELLA & others.

LILLIAN M. JONES *vs.* SAME.

Suffolk.     June 28, 1933. — October 10, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Equity Jurisdiction,* To reach and apply motor vehicle liability insurance. *Insurance,* Motor vehicle liability. *Evidence,* Presumptions and burden of proof, Res inter alios, Competency. *Practice, Civil,* Appellate Division.

In a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of an insurance company under a policy of motor vehicle liability insurance to the satisfaction of a judgment obtained by the plaintiff in a municipal court in an action for personal injuries against the owner and the operator of the automobile covered by the policy, it appeared that such judgment ran against the operator alone and that the judge of the municipal court had found in favor of the owner; and it was *held,* assuming that the questions were open in this court on the record, that

(1) It was proper for the trial judge to exclude the records in two other actions tried in the Municipal Court together with the action by the plaintiff in the suit in equity, one of such other actions being by another person injured in the same accident against the operator of the automobile and the second being by that person against the owner, there having been a judgment for the plaintiff in each of such other actions: the proceedings by that person were *res inter alios;*

(2) The plaintiff in the suit in equity having offered in evidence the record in his action in the Municipal Court, which included a finding that the defendant owner had not sustained the burden of proving that he "was not responsible for" the defendant operator, it was proper for the trial judge to limit "the introduction" of such record to the writ, the pleadings, the general finding for the plaintiff against the defendant operator and the finding and judgment in favor of the defendant owner;

(3) An opinion by the Appellate Division was no part of such record, and properly was excluded.

In a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of an insurance company under a policy of motor vehicle liability insurance to the satisfaction of a judgment for personal injuries obtained by the plaintiff against one operating the automobile covered by the policy, who was not the owner thereof, it was *held*, that

   (1) G. L. (Ter. Ed.) c. 231, § 85A, was not applicable;
   (2) The burden was on the plaintiff to prove that the operator was driving the automobile with the consent of the owner at the time of the plaintiff's injury;
   (3) There being no evidence to prove such fact, a decree dismissing the bill was proper.

Two BILLS IN EQUITY, filed in the Superior Court on July 9, 1932, and afterwards amended, described in the opinion.

The suits were heard together by *Sisk*, J. The evidence was duly reported. It appeared from the records introduced in evidence that the judge of the Municipal Court of the City of Boston made the following finding, applicable in the actions brought by Edith P. Jones and Lillian M. Jones, and the two actions brought by Maria A. Gray: ". . . though there was evidence for the defence that Cella was not present, I am left in doubt as to his responsibility and find that defendant Cella has not sustained the burden of showing that he was not responsible for the driver." Other material facts, evidence admitted and excluded and rulings given and refused, are described in the opinion. By order of the judge, a decree dismissing the bill was entered in each suit. The plaintiffs appealed.

The cases were submitted on briefs.

*E. P. Benjamin*, for the plaintiffs.

*R. H. Willard & A. S. Allen*, for the defendants.

PIERCE, J. These suits, identical in frame and purpose, are brought under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply, in satisfaction of judgments obtained in the Municipal Court of the City of Boston for personal injuries, the obligation of the defendant New Amsterdam Casualty Company under a motor vehicle liability policy issued to the defendant James Cella. At the time of the accident, referred to in the "Findings of Fact" of the judge of the Superior Court, Cella was the owner of the automo-

bile in question, he was insured by the defendant insurance company, and the automobile was being operated by the defendant Ronzano. At the trial of these two actions in the said Municipal Court there was a finding for each plaintiff against Ronzano and for the defendant Cella. These two bills of complaint seek to charge the insurance company with payment of the judgments returned against Ronzano, upon the ground that Ronzano was operating the automobile in question with the consent of Cella.

The suits were heard together in the Superior Court before a judge of that court who filed a statement entitled "Findings of Fact, Rulings and Order for Decree." The "Findings of Fact" disclose that on June 10, 1931, Edith P. Jones, Lillian M. Jones, Maria A. Gray and Lucy Gray while riding in the automobile of the defendant Cella received certain bodily injuries which were caused by the negligent operation of said automobile by the defendant Ronzano. As a result of the accident six actions of tort were brought in the Municipal Court of the City of Boston. They were tried together and were disposed of as follows: In the action numbered 261661 — Edith P. Jones *v.* James Cella and Caneo Ronzano — the judge found for the defendant Cella and against the defendant Ronzano; in the action numbered 261662 — Lillian M. Jones *v.* James Cella and Caneo Ronzano — the judge found for the defendant Cella and against the defendant Ronzano; and in the actions numbered 261832 — Maria A. Gray *v.* Cella — and 261834 — Maria A. Gray *v.* Ronzano — the judge found for the plaintiff. The remaining two actions were not relied upon as evidence at the trial in the Superior Court. At the trial in the Superior Court no oral evidence was offered or introduced. Against the objection and exception of the insurance company the plaintiffs introduced the records of the Municipal Court of the City of Boston in the cases numbered, as above, "261661, 261662, 261832 and 261834." "Subsequently" the judge limited "the introduction of the records in cases numbered 261662, Lillian M. Jones *v.* Cella *et al.,* and 261661, Edith P. Jones *v.* Cella *et al.,* to the writ, the pleadings, the general finding for each of the plaintiffs

against the defendant Ronzano, and in each case a finding and judgment for the defendant Cella," and excluded "the records in the other two cases, viz., numbers 261832, Gray *v.* Cella and 261834, Gray *v.* Ronzano." At the hearing "counsel for the company offered to reopen the hearing to permit counsel for the plaintiffs to submit evidence to prove as a fact that Ronzano was operating the car at the time of the accident with the consent, either express or implied, of Cella (the insured)," but "Counsel for the plaintiffs declined the offer."

In the pending suits, numbered 40176 and 40177, counsel for the plaintiffs presented five requests for rulings, similar in each case, which were refused as inapplicable to the facts found. These requests are as follows: (1) "That the findings of the trial judge in the Municipal Court of the City of Boston *inter alia* that Cella has not sustained the burden of showing that he was not responsible for the driver (Ronzano) is *res judicata*"; (2) "That evidence is not admissible to vary such finding"; (3) "That in determining the question of *res judicata* the records of the former suits are open to the inspection of the court in the present suit"; (4) "That the opinion of the Appellate Division of the Municipal Court of the City of Boston *re* said cause, filed April 4, 1932, . . . became the law of the case and is *res judicata* and the defendants are estopped by the judgment therein entered"; and (5) "That the present proceedings being between the same parties and their privies the doctrine of *res judicata* applies and the defendants are estopped by the judgment."

In the same cases counsel for the defendant New Amsterdam Casualty Company presented, in each case, six requests for rulings, namely: (1) "G. L. c. 231, § 85A, added by St. 1928, c. 317, has no application to this suit in equity. See *Wilson* v. *Grace*, 273 Mass. 146, 154. *Karpowicz* v. *Manasas*, 275 Mass. 413, 421"; (2) "The burden is upon the plaintiff to prove by a fair preponderance of the evidence that at the time of the accident Cella's automobile was being operated either by Cella or by some other person with Cella's consent"; (3) "Upon all the evidence Cella himself was not operating his automobile at the time of the

accident"; (4) "Upon all the evidence Cella's automobile at the time of the accident was being operated by Ronzano"; (5) "Upon all the evidence Cella's automobile at the time of the accident was not being operated by him or by any other person with his consent"; and (6) "Upon all the evidence this bill should be dismissed." The trial judge gave the requests of the insurance company and ordered that both bills be dismissed. Thereafter final decrees were entered dismissing the bills. From the final decree in each case the plaintiff appealed to this court. For the purpose of this record the appeals have been consolidated. All the evidence material to all the questions raised by the appeals appears in the report of a stenographer duly appointed.

The defendant draws the attention of this court to the fact that the record does not disclose that any exceptions were taken by either plaintiff at the hearing to the exclusion of the finding of the judge of the Municipal Court "that Cella has not sustained the burden of showing that he was not responsible for the driver," and to the exclusion of everything except the writ, the pleadings, the general finding for each plaintiff against the defendant Ronzano, and the finding and judgment for the defendant Cella in each case. It is not necessary here to decide whether the failure of the plaintiffs formally to save their exceptions to the exclusion of the proffered evidence may be cured by an amendment to the record, for the reason that neither plaintiff contends in her brief that she intended to save such exception. If, however, it be assumed that the plaintiffs saved exceptions to the exclusion of the findings of the judge of the Municipal Court and of the opinion of the Appellate Division of that court, and these exceptions became subject to revision on appeal (G. L. [Ter. Ed.] c. 214, § 25), it is plain the ruling of the judge of the Superior Court excluding such evidence was right, for the reason that the judgments in the actions of Maria A. Gray against Cella and against Ronzano were not admissible in evidence in the actions of Edith P. Jones and Lillian M. Jones against Cella and against Ronzano to establish any fact necessary to be proved by the plaintiffs in either of the last named

actions. The inadmissibility of the judgments and of the facts upon which they were founded rest upon the rule that a judgment, except in proceedings *in rem,* is without force save as between the parties to it and their privies, even though such judgments involved precisely the same issues. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. *Commercial Credit Corp.* v. *Commonwealth Mortgage & Loan Co. Inc.* 276 Mass. 335, 341. *Star Brewing Co.* v. *Flynn,* 261 Mass. 426. Here the parties were not the same and there was no evidence of any privity arising from any agency between the parties or either of them.

It is settled that the opinion of the Appellate Division of the Municipal Court of the City of Boston was no part of the record, and as evidence for any purpose was excluded rightly. *Cohen* v. *Berkowitz,* 215 Mass. 68. *Spear* v. *Hardon,* 215 Mass. 89. This rule is not changed by G. L. (Ter. Ed.) c. 231, § 135, which provides that the clerk of the trial court in connection with the preparation of the record of a case for the full bench shall furnish it with "five typewritten copies of any opinion or statement of reasons for decision filed by the court below."

The plaintiffs, in their brief, apparently rest their cases upon the premise that the suits in equity are governed by § 85A of G. L. (Ter. Ed.) c. 231, which was added to that chapter, after § 85, by St. 1928, c. 317, § 1, and contend that the rule of practice in actions at law therein established should be held to be applicable to G. L. (Ter. Ed.) c. 214, § 3 (10), under which these proceedings are brought. We think St. 1928, c. 317, applies only to "actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved," and is not applicable to suits under G. L. (Ter. Ed.) c. 214, § 3 (10). See *Liddell* v. *Standard Accident Ins. Co.* 283 Mass. 340.

There being no evidence that Ronzano was operating the automobile at the time of the accident to the plaintiffs with

the express or implied consent of Cella, it follows that the requested rulings of the defendant New Amsterdam Casualty Company were given rightly and that the final decrees dismissing the bills should be affirmed.

*Ordered accordingly.*