*S. H. Tyng*, for the plaintiff.

---

EDWARD P. KELLEY *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.     March 11, 1897. — May 19, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Husband and Wife — Consequential Damages from Injury — Loss of Consortium — Action.*

A husband may maintain an action against a railroad corporation for consequential damages, including the loss of consortium with his wife, arising from personal injuries occasioned to her by its negligence, although an action has been brought by her against the corporation for such injuries.

TORT, to recover consequential damages arising from personal injuries to the plaintiff's wife, Mary J. Kelley, occasioned by the defendant's negligence. Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions, in substance as follows.

This action was tried at the same time with an action brought by the plaintiff's wife to recover for injuries which she herself had suffered.

There was evidence tending to show that on October 23, 1894, the plaintiff's wife, while a passenger on a train of the defendant, was injured; and the defendant admitted that her injuries were caused by the negligence of its servants, and that she was at the time in the exercise of due care.

There was also evidence tending to show that the plaintiff's wife, prior to the accident, had been in good health, and had done the housework, cooking, and washing in the plaintiff's household, and had taken the entire care of two children; that in the accident referred to she had suffered a fractured shoulder blade, an injury to her womb causing a retroversion and pain for some time, and numerous severe bruises; that after the injury she had returned to the plaintiff's home, and for five or six weeks had had one arm bandaged, and had been unable for a considerable length of time to do any work about the plaintiff's house, and because of her injuries had been compelled to wean her child, which she was then nursing; that her capacity to work was permanently impaired, and she had been made irritable, pallid, thin, and weak; and that since the accident she had continued to live with the plaintiff, and on October 21, 1895, had borne him a child; and there was no evidence, other than reasonable inferences from the foregoing facts, that any change had occurred in their relations toward one another as husband and wife. There was further evidence that the plaintiff had incurred expenses for medical attendance, nursing, and medicine for his wife, to the amount of over $1,000.

At the close of the evidence, the defendant requested the judge to rule as follows:

" 1. Upon all the evidence the plaintiff cannot recover.

" 2. The division of the rights to recover, which by law are made between the husband and the wife, does not in any sense increase the aggregate right of recovery, and the damages which are to be divided between the husband and the wife should not in the aggregate exceed the damages which the wife, if unmarried, would be entitled to recover."

The judge declined to give the first ruling requested, but gave

the second, with the qualification that one additional element should be considered, namely, the loss of consortium by the husband ; and the defendant excepted.

The judge also instructed the jury that, although the wife's time and capacity to earn were her own, yet there was a residuum to which the husband was entitled which could best be defined by the word consortium, meaning fellowship, society, or communion, for the loss of which he alone was entitled to recover; and the defendant excepted.

The jury returned a verdict for the plaintiff in the sum of $616; and the defendant alleged exceptions.

*J. H. Benton, Jr., & C. F. Choate, Jr.,* for the defendant.

*J. E. Cotter,* for the plaintiff.

ALLEN, J.   In *Bigaouette* v. *Paulet,* 134 Mass. 123, a husband's action for loss of consortium with his wife was held to be maintainable, although there was no loss of service or payment of expenses in consequence thereof.   And in *Bennett* v. *Bennett,* 116 N. Y. 584, it is said that the basis of the husband's action for loss of consortium is his right to the conjugal society of his wife, and that it is not necessary that there should be proof of any pecuniary loss or loss of service.

The present case was tried with an action brought by the plaintiff's wife, and the same jury fixed the damages in both cases.   The defendant took exceptions in this case, but none in the action brought by her.   The jury were instructed that the division of the rights to recover, which by law are made between the husband and the wife, does not in any sense increase the aggregate right of recovery, and that the damages which are to be divided between the husband and the wife should not in the aggregate exceed the damages which the wife, if unmarried, would be entitled to recover ; with the qualification, however, that one additional element should be considered, namely, the loss of consortium by the husband.   The defendant contends that now an action will not lie for loss of consortium, or at least that it will not in case of an injury to her through negligence, and that the incurring of expenses will not alone give a ground of action.

It might be sufficient to dispose of this case to say that the plaintiff was bound to support his wife, and that the expenses incurred by him appear to have exceeded the amount of the ver-

dict, and that therefore the defendant's exceptions should be over-ruled; but in view of the ruling at the trial allowing the jury to take into account the plaintiff's loss of consortium, and of the defendant's request that the correctness of this ruling should be determined, we proceed to consider it.

By the common law it is quite clear that a husband might maintain an action in his own name alone for an injury to his wife which resulted in his loss of consortium with her; as, for example, for an injury caused by an assault and battery upon her, by medical or surgical malpractice, or by other negligence. *Hyde* v. *Scyssor*, Cro. Jac. 538.   *Guy* v. *Lusy*, 2 Rol. R. 51.   *Russell* v. *Corne*, 2 Ld. Raym. 1031.   *Dix* v. *Brookes*, 1 Stra. 61.   *Smith* v. *Hixon*, 2 Stra. 977.   2 Rol. Abr. Trespass, (Y) 16, p. 556. Hale's Anal. of Law, 96.   3 Bl. Com. 140.   1 Chit. Pl. (7th ed.) 83.   Yelv. (Met. ed.) 89.   *Baker* v. *Bolton*, 1 Camp. 493. *Carey* v. *Berkshire Railroad*, 1 Cush. 475, 478.   *Barnes* v. *Hurd*, 11 Mass. 59.   *Laughlin* v. *Eaton*, 54 Maine, 156.   *Hopkins* v. *Atlantic & St. Lawrence Railroad*, 36 N. H. 9, 14.   *Lewis* v. *Babcock*, 18 Johns. 443.   *Matteson* v. *New York Central Railroad*, 35 N. Y. 487.   *Jones* v. *Utica & Black River Railroad*, 40 Hun, 349 (a case much like the present).   *Berger* v. *Jacobs*, 21 Mich. 215.   *Hyatt* v. *Adams*, 16 Mich. 180.   *Long* v. *Morrison*, 14 Ind. 595.   *Nixon* v. *Ludlam*, 50 Ill. App. 273.   *Mewhirter* v. *Hatten*, 42 Iowa, 288.   *Mowry* v. *Chaney*, 43 Iowa, 609. *Smith* v. *St. Joseph*, 55 Mo. 456.

The contention of the defendant, therefore, must rest entirely on the ground that the husband has lost this right of consortium by reason of the legislation of this Commonwealth increasing the rights of married women. *Harmon* v. *Old Colony Railroad*, 165 Mass. 100.   But there has been no substantial change in the statutes upon this subject since the decision in *Bigaouette* v. *Paulet*. Notwithstanding the progress of legislation in giving to married women the control of their time and actions, this right of the husband is not destroyed.   The unity and identity of interest which by the common law existed between husband and wife have been impaired. *Butler* v. *Ives*, 139 Mass. 202.   They are not, however, entirely done away with.   The husband's right to compel his wife to work for him is abridged, but he still has a right to her society and assistance, which is different in charac-

ter and degree from that which other people have, or which she is at liberty to give to them. By marriage, both husband and wife take upon themselves certain duties and obligations towards each other, in sickness and health, which it cannot be supposed that the Legislature has intended wholly to uproot. A married woman may now perform any labor or services on her sole and separate account, as her husband may ; nevertheless, each owes certain duties to the other which are not annulled by the statutes. *Mewhirter* v. *Hatten*, 42 Iowa, 288. These duties are included in the word consortium; but the extent of these duties, or of the right of consortium, need not now be determined. The only question presented to us is, whether the presiding justice was right in allowing the jury to consider at all the loss of consortium.

It is argued by the defendant, that, if a husband has a right to recover for the loss of consortium through an injury caused by negligence, a wife also would have the same right, by virtue of the existing statutes, in case of such an injury to her husband ; and that this has never been held or even contended for. She has no such right at common law; but whether she has by statute we do not now consider. The question has been considered elsewhere, but the decisions are not in harmony.

*Exceptions overruled.*