MELINDA FENEFF *vs.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY & another.

Worcester.    September 7, 1909. — October 19, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Husband and Wife.    Damages.    Actionable Tort.*

The right of consortium is a right growing out of the marital relation which the husband and wife respectively have to enjoy the society, companionship and affection of each other in their life together.

A married woman cannot maintain an action for a loss of consortium occasioned by physical and mental injuries of her husband, which were caused by the negligence of a person from whom her husband has recovered compensation in damages. *It seems*, that the same rule would apply in an action by a husband for a loss of consortium from an injury to his wife through the negligence of one from whom she has recovered damages, and that anything to the contrary in *Kelley* v. *New York, New Haven, & Hartford Railroad*, 168 Mass. 308, is overruled.

TORT for the loss of consortium. Writ dated November 22, 1907.

The case came on to be tried before *Gaskill*, J. It appeared that the plaintiff was the wife of Antoine Feneff, who previously had brought an action for his own injuries and had recovered damages in accordance with an opinion of this court reported in 196 Mass. 575. By a stipulation of the parties it was agreed that

the evidence introduced by the plaintiff was the same as that in the case of her husband.   There was evidence in support of all the material allegations in the plaintiff's declaration.

At the close of the plaintiff's evidence, the judge ruled that the plaintiff could not maintain her action, and ordered a verdict for the defendants.   The plaintiff alleged exceptions.

The case was submitted on briefs.

*C. E. Tupper,* for the plaintiff.

*R. A. Stewart & L. R. Chamberlin,* for the New York Central & Hudson River Railroad.

*C. M. Thayer & A. H. Bullock,* for the Boston & Maine Railroad.

KNOWLTON, C. J.   The plaintiff's husband was injured physically and mentally by the negligence of the defendants, and he has recovered full compensation for his injuries.   *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575.   The plaintiff sues for damages suffered by her from his injury, by reason of her relation to him as his wife.   In her declaration she avers that, by reason of his disability, she has endured great suffering and anxiety, and has been obliged to assume heavy and arduous duties which she did not have to assume before the injury, and that she has lost the comfort, society, aid and assistance of her husband.   In her bill of exceptions she says that the action is "for the loss of consortium."   This statement covers the case; for it is plain that the other averments in her declaration do not show an invasion of a legal right, nor anything more than a remote and consequential damage which did not result from any wrong done directly to her.

The right of consortium is a right growing out of the marital relation, which the husband and wife have, respectively, to enjoy the society and companionship and affection of each other in their life together.   At the common law, the husband had a right to the labor and services of his wife, and in suing for the damages which are personal to the husband for an injury to his wife, he was permitted to recover, not only for the expenses of her care and cure, but for his loss of her labor and services and the loss of consortium.   *Kelley* v. *New York, New Haven, & Hartford Railroad,* 168 Mass. 308, and cases there cited.   It is said in that case, and in *Nolin* v. *Pearson,* 191 Mass. 283, 286, that a wife could not maintain an action at common law for the loss

of consortium of her husband.   The reason of this was that she could not sue in her own name for a personal injury, and that a recovery for such a wrong could only be had in a suit brought jointly by her and her husband.   The right to the consortium of the other spouse seems to belong to husband and wife alike, and to rest upon the same reasons in favor of each.   Since the removal of the wife's disability to sue, this is now settled in most courts by a great weight of authority.   *Nolin* v. *Pearson*, 191 Mass. 283, and cases cited.   It is now generally held, in accordance with the decision in *Nolin* v. *Pearson*, that, for a direct and intentional invasion of a wife's right of consortium by another woman, through the alienation of the husband's affections and criminal conversation with him, an action may be maintained, as a similar action may be maintained by a husband for a similar wrong inflicted through adultery with his wife. Formerly a wife could not maintain such an action, because her suit could only be brought by her husband, with whom she must join.   The husband's own misconduct would ordinarily be a sufficient reason to prevent his bringing such an action, if, indeed, it would not bar him, in most cases, from maintaining an action against a joint wrongdoer.   The change of the statutes in this Commonwealth and similar changes in most other jurisdictions have given wives the same right as husbands to sue an offender for a wrong of this kind.

The wrong which may be redressed through such suits is one which has a direct tendency to deprive the husband or wife of the consortium of the other spouse.   No case has been brought to our attention, and after an extended examination we have found none, in which an action for a loss of consortium alone has been maintained merely because of an injury to the person of the other spouse, for which the other has recovered, or is entitled to recover, full compensation in his own name, when the only effect upon the plaintiff's right of consortium is that, through the physical or mental disability of the other, the companionship is less satisfactory and valuable than before the injury.   The actions by husbands at common law for expenses and loss of services, in which the loss of consortium has been considered in estimating damages, were all in cases in which no damages could be awarded for loss of the ability to earn money

and render services and be helpful to others, in an action by the husband and wife for the wife's personal damages, because at common law all these elements of damage belonged to the husband. See cases cited in *Kelley* v. *New York, New Haven, & Hartford Railroad, ubi supra.* There was not an allowance to the wife for her loss of ability to earn wages and render services, and at the same time an allowance to the husband, in the form of compensation for the loss of consortium for the same diminution of ability to be helpful.

Where there is no intentional wrong, the ordinary rule of damages goes no further in this respect than to allow pecuniary compensation for the impairment or injury directly done. When the injury is to the person of another, the impairment of ability to work and be helpful and render services of any kind is paid for in full to the person injured. Ordinarily the relation between him and others, whereby they will be detrimentally affected by the impairment of his physical or mental ability, makes the damage to them only remote and consequential, and not a ground of recovery against the wrongdoer. It may be conceivable that one may have a contractual right to the labor or services of another, continuing after the time of his injury, such that, if his ability is impaired, the contractor will be directly damaged. If there may be such a case it is unnecessary to consider whether the contractor with such a right should have his action for damages, and receive his proper share of the amount allowable for the impairment of the other's earning powers, and the damages of the other be diminished accordingly. It is enough for the present case that persons whose relations to the injured party are purely domestic should not be permitted to share the compensation to which he is entitled for the impairment of his powers by the tort of another person, nor to receive an additional sum beyond the full compensation to which the injured person is entitled. Their damages are too remote to be made the subject of an action.

The minor children of an injured father who is legally bound to furnish them with support may suffer indirectly from his injury. So too may his wife, to whom he owes the same legal duty to furnish support; yet it was never held that a wife or minor child could recover for the consequences of a father's dis-

ability, against one who had negligently injured him. The diminished value of the husband's consortium with his wife, in such a case, is like the diminished value of the work that the husband can do for the support of his wife and the education and support of his minor children. The negligent defendant is supposed to have made full pecuniary compensation to the husband and father for his injury. In the benefit from this payment the wife and children may be expected to share to some extent. If they still suffer loss, it is not direct, but only consequential.

The case most relied on by the plaintiff, and the only one that comes near to supporting her contention, is *Kelley* v. *New York, New Haven, & Hartford Railroad, ubi supra.* In that case actions of the husband and wife for an injury to the wife were tried together, and the damages in the two suits were assessed at one time by the same jury. It is said in the opinion that " it might be sufficient to dispose of this case to say that the plaintiff was bound to support his wife, and that the expenses incurred by him appear to have exceeded the amount of the verdict, and that therefore the defendant's exceptions should be overruled." In assessing the damages the jury were permitted to consider the loss of consortium by the husband, and the court held that there was no error. It seems from the verdict that the defendant suffered no injustice in the amount of damages awarded, and doubtless the court scrutinized less closely the narrow legal question involved than it would have done if it had been called upon to consider whether an action for loss of consortium alone could be maintained in a suit for negligence, when there had been a full recovery by the person injured for all the mental and physical effects of the injury. We are of opinion that in this class of cases there should be no recovery for loss of consortium, when the impairment of the powers and faculties of the plaintiff's spouse has been fully paid for in money. Indirectly, the plaintiff in such a case reasonably may be expected, through the same marital relation which gives a right of consortium, to be somewhat benefited by such a payment.

The doctrines stated in the case just cited are not to be applied to cases like the present, and to this extent the decision is overruled.

*Exceptions overruled.*