## LEAHY v. TRAVELERS INS. CO.
### No. 182.

District Court, S. D. Ohio, E. D.

Nov. 27, 1941.

R. D. Touvelle and Chalmers M. Parker, both of Columbus, Ohio, for plaintiff.

Earl F. Morris (of Arnold Wright, Purpus & Harlor), of Columbus, Ohio, for defendant.

UNDERWOOD, District Judge.

This cause came on to be heard on the motion of the defendant to set aside the verdict for the plaintiff and the judgment entered thereon and to enter judgment for the defendant in accordance with defendant's motion for a directed verdict, or, in the alternative, to grant a new trial. Oral

arguments were heard, and briefs' were filed by counsel.

Several grounds were stated in support of each branch of the motion. Insofar as it is practicable, the Court will consider each of these grounds in disposing of this dual motion.

The motion to set aside the verdict and judgment for plaintiff and to enter judgment for defendant in accordance with defendant's motion for a directed verdict is supported by three grounds, namely: (1) That on the evidence adduced, plaintiff was not entitled to recover a verdict and judgment; (2) that there was no evidence tending to show that death was accidental; and (3) that the evidence was such that the only conclusion reasonable men could reasonably reach was that death was suicidal. In short, that it was error for the Court to refuse to direct a verdict for the defendant, since on the evidence all reasonable men must reach the conclusion that death occurred by suicide.

The Court cannot concur in this conclusion.

■ The case of Mutual Life Insurance Company of New York v. Gregg, 6 cir., 1929, 32 F.2d 567, 568, appears to lay down the rule to be followed. There it is stated by Judge Denison of this Circuit: "The question for the reviewing court must be just the same as in any other kind of lawsuit tried by a jury. Does the evidence, taken in the most favorable light for plaintiff, compel all reasonable men to accept the theory of suicide? If so, a verdict will be directed for defendant; otherwise not; and in this inquiry, as in every other case where the jury may rightfully refuse to accept that theory which is the natural and prima facie correct inference from all the facts, there must be some other theory fairly reconcilable with the admitted facts, and which is reasonably possible rather than merely fantastic."

■ The Court is of the opinion that the evidence adduced in this case, when taken in the most favorable light for the plaintiff, is not such that it would compel all reasonable men to accept the theory of suicide. A theory of accident was advanced by the plaintiff. That theory is fairly reconcilable with the facts presented in evidence; it is reasonably possible and not fantastic. There was a conflict in the evidence as to what the facts were, the jury, as was its province, found the facts;

and as it justifiably might upon the evidence found that death was accidental. This Court, at the conclusion of the evidence, refused to direct a verdict for defendant because it felt that there was evidence which would justify the jury in returning a verdict of accident. The Court is still of that opinion.

■ Several grounds are offered in support of the alternative motion for a new trial. The first is of a general nature, that the Court admitted evidence improperly over the defendant's objection, and will not be discussed, there being no specific instances cited.

■ It is contended secondly that the Court erred in charging that the death certificate was only prima facie evidence of the cause of death, and this could be counter-balanced by other evidence of a contrary nature, and that upon the introduction of such other evidence, the certificate was to be given no more probative weight than any other evidence. The Court feels that it correctly stated the law in that respect, and inasmuch as the defendant's counsel has admitted that he has found no law to the contrary, this ground will not be further pursued.

■ Grounds three and four, taken together, are that the Court erred, first, in refusing defendant's special request numbered three stating that the defendant need not prove motive for suicide; and, second, in failing to charge in a similar vein on the question of motive in its general charge.

■ In addition to examining cases cited by counsel, the Court has made an extensive search on this point, and has been unable to find any case in point. None of the cases cited by counsel is in point. The references to motive contained in them are of a general nature, to the effect that it is not necessary to prove motive. The cases did not turn on the question of whether it is necessary to charge that it is not necessary to prove motive. The Court charged the jury that the burden was on the plaintiff to prove every material element in her case. Motive was not an essential element requiring either proof on the part of the plaintiff or disproof on the part of the defendant. Under such circumstances, the Court was, and still is, of the opinion that justice would better be served if no charge at all were given on that matter. In charging that the plaintiff must prove by a preponderance of the evidence that de-

ceased met his death by accidental means, the jury was properly informed that the defendant need not prove motive for suicide, nor any other matter. This is in conformity with the numerous decisions which state that where the general charge is reasonably complete and accurate, it is not error if the Court refuses to single out for particularization a single element in the case, even though the request be taken directly from a reported and approved case. See Metropolitan Life Insurance Company v. Banion, 10 cir., 106 F.2d 561; Gaillard v. Boynton, 1 cir., 70 F.2d 552.

It is further contended that the Court erred in refusing to charge, as requested, that if the jurors' minds were in equilibrium on the issue of accident or suicide, the verdict should be for the defendant. It is not doubted that the law is as stated in the request. However, the Court is not obliged to give a requested instruction merely because it correctly states the law if the general charge substantially and accurately states all the law applicable to the case. The defendant has cited several cases in support of its contention, but it is noted that none is a Federal Court case. It is well recognized that in many state courts, including Ohio, it is obligatory on the court to give a requested charge if it properly states the law, even though a similar statement is contained in the general charge. The Federal courts are not bound by such a stringent rule. McCartney v. Holmquist, 70 App.D.C. 334, 106 F.2d 855, 856, 126 A.L.R. 375; Troutman v. United States, 10 cir., 100 F.2d 628, 634; George v. Wiseman, 10 cir., 98 F.2d 923, 930.

The purpose of instructions is to state the law applicable to the facts and issues of the case, thereby giving proper guidance to the jury in their deliberations, so that they may reach a correct verdict. The more simple and complete the instructions, the better that purpose will be served. In its general charge the jury was instructed that the burden was on the plaintiff to prove her case by a preponderance of the evidence; that is, by the greater weight of the evidence, and that if the plaintiff failed to prove her case by the greater weight of the evidence, the defendant must prevail. This sufficiently covered, in effect, the charge requested, that if the jurors' minds were in equilibrium the defendant should receive the verdict, because if their minds were in equilibrium the plaintiff had failed to prove her case by a preponderance of the evidence; and, conversely, if the plaintiff had proved her case by a preponderance of the evidence, then the jurors' minds would not be in equilibrium.

The other grounds advanced in support of defendant's motion for a new trial are of a general nature and have not been discussed or supported by brief; the Court will not remark further on them.

Having considered these motions and their supporting grounds at great length, and being fully advised in the premises, the Court finds: That both motions in all their branches should be overruled.

Entry accordingly.