## STANDARD ACC. INS. CO. v. DOIRON.
### No. 4356.

United States Court of Appeals
First Circuit.
Oct. 29, 1948.

Berge C. Tashjian, of Worcester, Mass., (Frank P. Ryan, of Worcester, Mass., on the brief), for appellant.

Philip J. Murphy, of Worcester, Mass., (John M. Hart, of Worcester, Mass., on the brief), for appellee.

Before MAGRUDER, Chief Judge, and GOODRICH (by special assignment), and WOODBURY, Circuit Judges.

MAGRUDER, Chief Judge.

The only point on this appeal deserving of any comment is a question of collateral estoppel by judgment, which must be determined by the Massachusetts law, since this cause was removed from the Superior Court for Worcester County, Massachusetts, on grounds of diversity of citizenship.

On July 8, 1939, appellee Ralph H. Doiron, while driving his car in the town of Shrewsbury, Worcester County, Massachusetts, accompanied by his wife, suffered a collision with a car driven by one Miriam P. Coulson. As a result Mr. and Mrs. Doiron each received personal injuries, and their car was damaged. Mrs. Coulson at the time of the accident was a household employee of Claire A. Hosmer. The car which Mrs. Coulson was driving was owned by Mrs. Hosmer and registered in her name. Mrs. Hosmer held a liability insurance policy on this car, issued by appellant Standard Accident Insurance Company, pursuant to the provisions of § 34A of C. 90, Mass. Gen.L.(Ter.Ed.). Under the policy, the insurance company contracted to indemnify against liability not only the insured but also any person responsible for the operation of the insured's motor vehicle with her express or implied consent.

Mr. Doiron brought tort actions in the Superior Court for Worcester County against both Mrs. Coulson and her employer, Mrs. Hosmer, to recover damages for his own personal injuries, for loss of his wife's services, and for damage to his car. He recovered a judgment in the sum of $4,234.23 against Mrs. Coulson; but his action against Mrs. Hosmer failed, the auditor having found that Mrs. Coulson was not at the time of the accident acting as the servant of Mrs. Hosmer within the scope of her employment. Similarly, Mrs. Doiron sued for the personal injuries suffered by her. She recovered judgment against Mrs. Coulson in the sum of $362.36, but judgment went against her in her action against Mrs. Hosmer.

On February 14, 1946, the judgment in her favor against Mrs. Coulson not having been satisfied, Mrs. Doiron filed in the Superior Court for Worcester County a bill in equity against Standard Accident Insurance Company, to reach and apply the proceeds of the aforesaid insurance policy to the satisfaction of the judgment, as provided in C. 214, §3(10), Mass. Gen.L. (Ter. Ed.). The bill was predicated upon the allegation of fact that Mrs. Coulson was driving the car at the time of the accident with the express or implied consent of the insured, and that therefore the contract of indemnity extended to Mrs. Coulson. This issue of fact was resolved against Mrs. Doiron, and her bill was dismissed by final decree of the Superior Court on July 8, 1947.

When Mrs. Doiron filed her bill in equity, Mr. Doiron at the same time filed in the Superior Court for Worcester County a similar bill against the insurance company to reach and apply the proceeds of the same policy to the satisfaction of his judgment against Mrs. Coulson. Upon petition of the insurance company, this suit was removed to the District Court of the United States for the District of Massachusetts. The insurance company filed its answer and amended answer, denying that Mrs. Coulson was operating the car with the consent of the insured, and further pleading res judicata on the strength of the aforesaid decree of the Superior Court for Worcester County dismissing Mrs. Doiron's bill to reach and apply. The case came on for trial in the court below on March 5, 1948. The district court, upon sufficient evidence, found as a fact that Mrs. Coulson was driving the car at the time of the accident with the permission of the insured. The court ruled against the insurance company on its special defense, and entered its decree ordering that appellee's judgment against Mrs. Coulson in the sum of $4,234.23 be satisfied out of the proceeds of the insurance policy. From that decree the present appeal has been taken.

We are of opinion that the decree must be affirmed. In Massachusetts, the general rule is recognized "that a judgment, except in proceedings in rem, is with-

out force save as between the parties to it and their privies, even though such judgments involved precisely the same issues." Jones v. Cella, 1933, 284 Mass. 154, 159, 187 N.E. 294, 295. That was a suit against an insurance company by one who had been injured in an automobile accident, to reach and apply the proceeds of an insurance policy to the satisfaction of a judgment which the plaintiff had recovered against the operator of a motor vehicle; and the court held that a judgment in favor of another person injured in the same accident was not res judicata against the insurance company. See also McCarthy v. William H. Wood Lumber Co., 1914, 219 Mass. 566, 107 N.E. 439; McGreevey v. Boston Elevated Ry Co., 1919, 232 Mass. 347, 122 N.E. 278.

The principle applied in Jones v. Cella, supra, is applicable to the case at bar. The respective causes of action of appellee and his wife were entirely distinct and independent, though they arose out of the same accident. Mr. Doiron was not, and did not have to be, joined as a party-plaintiff in the proceeding brought by his wife. Under C. 209, § 6, Mass. Gen.L.(Ter.Ed.), "A married woman may sue and be sued in the same manner as if she were sole". Any sum recovered by her becomes her exclusive property. Nolin v. Pearson, 1906, 191 Mass. 283, 288, 77 N.E. 890, 4 L.R.A., N.S., 643, 114 Am.St.Rep. 605, 6 Ann.Cas. 658. That there is no privity between husband and wife by virtue of their respective distinct rights of action arising out of a single tortious act is made clear in Erickson v. Buckley, 1918, 230 Mass. 467, 470, 471, 120 N.E. 126, 127, where the court said: "The common-law right of the plaintiff to recover for the expense to which he had been put by reason of the injury to the wife resulting from the negligence of the defendant is indisputable. Kelley v. New York, New Haven & Hartford Railroad, 168 Mass. 308, 46 N.E. 1063, 38 L.R.A. 631, 60 Am.St.Rep. 397; Nolin v. Pearson, 191 Mass. 283, 77 N.E. 890, 4 L.R.A., N.S., 643, 114 Am.St.Rep. 605, 6 Ann.Cas. 658. His right is not consequential upon the right of the wife because it once belonged to her and has been transferred to him. Her rights to damage for injury to person and property under the statutes are independent of his rights to compensation for like injuries, although their individual rights may have a common origin. In the prosecution of their several and independent rights there is no privity in the assertion of their demands; and a judgment in favor of a defendant in an action brought by either of them is not a bar to an action by the other. Kelley v. New York, New Haven & Hartford Railroad, supra; Duffee v. Boston Elevated Railway, 191 Mass. 563, 77 N.E. 1036; Mulvey v. Boston, 197 Mass. 178, 83 N.E. 402, 14 Ann.Cas. 349; McCarthy v. [William H.] Wood Lumber Co., 219 Mass. 566, 570, 107 N.E. 439. 'The actions are as independent of each other as are two actions founded on a collision of two teams, caused by the negligence of the defendant, one brought by the driver, a servant of the owner of the team, to recover for his personal injuries, and the other by the owner, to recover for damages to his horses and wagon. The defendant's liability for the damages in the two cases depends upon the same facts, but there is no privity between the plaintiffs. Each is enforcing an independent right.' Knowlton, C.J., in Duffee v. Boston Elevated Railway, supra."

The foregoing is specifically reaffirmed in Thibeault v. Poole, 1933, 283 Mass. 480, 484, 485, 186 N.E. 632.

It is to be noted that the quotation above from Erickson v. Buckley was made with reference to a wife's right of action for personal injuries and her husband's right of action for consequential damages sustained by him as a result of such injuries to his wife. If there is no privity between husband and wife in this situation, for purposes of res judicata, a fortiori there is no such privity in the case at bar where the husband also has a right of action for his own personal injuries, and for property damage sustained by him, arising out of the same accident.

■ Appellant relies particularly on Wright v. Schick, 1938, 134 Ohio St. 193, 16 N.E.2d 321, 121 A.L.R. 882. In that case A and B (not husband and wife, apparently), were injured in the same accident due to the negligence of C, who had a liability insurance policy. A and B severally recovered

judgments against C. A brought suit against the insurance company to reach and apply the proceeds of the policy to the satisfaction of his judgment; and in that proceeding C, the insured, was joined as a party-defendant, as required by the Ohio statute. The insurance company's defense was that the policy was no longer in effect at the time of the accident. On this issue, the insurance company and the insured, though nominally aligned together as parties-defendant, had adverse interests; and, in fact, the insured's testimony was strongly against the company on that issue. Judgment went against the company in favor of A in this proceeding, upon a determination that the policy was still in effect. In a parallel suit against the insurance company to reach and apply, brought by B, the other judgment creditor, C, the insured, again being joined as codefendant, the Supreme Court of Ohio held that the insurance company was precluded by the judgment in the suit brought by A from again raising the defense that the policy was not in effect at the time of the accident. The court explained that B thus incidentally obtained the benefit of a prior adjudication in a suit to which he was not a party, in order that C, the insured, could have the benefit of res judicata as between himself and the insurance company. As previously stated, C and the insurance company were in effect adverse parties in the prior proceeding on the issue whether the insurance policy had been forfeited prior to the accident. That issue having been determined in the affirmative, the insured was entitled to indemnity from the insurance company as against both judgment creditors. Parenthetically, the court seems to have implied that, if it had been determined in A's suit against the insurance company that the policy was not in effect, this adjudication would not have operated by way of collateral estoppel against the other judgment creditor in his separate suit. We think the case of Wright v. Shick on its facts is readily distinguishable from the case at bar, for here the insured herself was held not liable in the tort actions and was not a party to the suits in equity against the insurance company brought by the respective judgment creditors of the operator of the car. But whether the case is distinguishable or not, and whether or not it was correctly decided, Wright v. Schick is not now controlling because in the present case we must apply the Massachusetts law. We are satisfied, from the Massachusetts cases above cited, that collateral estoppel would not be recognized in the courts of Massachusetts as an available defense to the insurance company under the circumstances appearing in this record.

One consideration has given us some pause. In American Law Institute Restatement of Judgments, § 84, the following rule is stated: "A person who is not a party but who controls an action, individually or in cooperation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction; if the other party has notice of his participation, the other party is equally bound."

It is explained in the comment that a person is entitled only to one adjudication of a cause of action or of an issue where he has control of the proceedings under the circumstances stated in the rule; and that it is not unfair to such a person that the judgment or the adjudication should determine the existence and the extent of his interests which are dependent upon the determination of issues in the action leading to the judgment. We take it that this general rule in substance is recognized and applied in Massachusetts. Weld v. Clarke, 1911, 209 Mass. 9, 95 N.E. 651.

Now it is of course true that Mr. Doiron had a "financial interest" in the determination of the question of fact which was at issue in his wife's bill in equity to reach and apply, namely, whether Mrs. Coulson was operating the car at the time of the accident with the consent of the insured. That was the very question which Mr. Doiron would have to establish in the affirmative in order to have recourse to the proceeds of the insurance policy for the satisfaction of his own judgment against Mrs. Coulson. Therefore, if Mr. Doiron

had controlled or participated in the control of the suit by his wife against the insurance company, it may well be that under the Massachusetts law he would now be barred by the adverse decree in that case from relitigating the same issue of fact. But, making this assumption, the burden would be on the insurance company to establish Mr. Doiron's participation in and control of the other suit. This the company has failed to do. That such participation and control is not to be presumed from the mere relation of husband and wife is the necessary implication from the holding in Duffee v. Boston Elevated Ry. Co., 1906, 191 Mass. 563, 77 N.E. 1036. See Thibeault v. Poole, supra. And it is not of controlling significance that husband and wife were represented by the same counsel in their respective proceedings.

We do not know what considerations of strategy led the insurance company to remove the present case to the federal court, while leaving the companion case of the wife to be litigated in the Superior Court. The two cases would otherwise presumably have been tried together in the Superior Court, and decided there the same way. No doubt appellant now regrets that this was not the course followed. But appellant has made its bed and now will have to lie in it.

The judgment is affirmed.